**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YINGLU YAO, Individually And On Behalf Of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>FUWEI FILMS (HOLDINGS) CO., LTD., XIAOAN HE, JUN YIN, DUO WANG, TONGJU ZHOU,<br><br>      Defendants. | Case No. 07 Civ. 9416 (RJS) |
| MEIRA RUBIN, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>FUWEI FILMS (HOLDINGS) CO., LTD., XIAOAN HE, LIN TANG, MARK E. STULGA, TONGJU ZHOU, DUO WANG, JUN YIN, MAXIM GROUP LLC, CHARDAN CAPITAL MARKETS, LLC, and WR HAMBRECHT & CO. LLC,<br><br>      Defendants. | Case No. 07 Civ. 10323 (RJS) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF SIAMAK NAZHAND FOR (1) APPOINTMENT AS LEAD PLAINTIFF; (2) APPROVAL OF HIS SELECTION OF LEAD COUNSEL; AND (3) CONSOLIDATION OF ALL RELATED ACTIONS**

## I.  INTRODUCTION

Siamak Nazhand ("Nazhand" or "Movant") respectfully submits this memorandum of law in support of his motion: (1) to be appointed as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of his selection of the law firm Dreier LLP as Lead Counsel for the Class; and (3) for consolidation of all related securities class actions pursuant to Fed. R. Civ. P. 42(a).

Nazhand should be appointed as Lead Plaintiff because: (1) he timely filed a motion for appointment as lead plaintiff; (2), he has, with an estimated loss of $172,870[1] in Fuwei Films (Holding) Co., Ltd. ("Fuwei" or the "Company") securities during the Class Period[2], the largest financial interest in this litigation of any plaintiff or lead plaintiff movant of which Nazhand is aware; and (3) he will adequately and fairly represent the interests of the Class.  In addition, Nazhand's selection of Dreier LLP as Lead Counsel should be approved.  Dreier LLP's attorneys have extensive experience in the prosecution of securities fraud class actions and will adequately represent the interests of all Class members as Lead Counsel.

## II.  FACTUAL BACKGROUND[3]

This is a class action commenced on behalf of all those who purchased the common stock of Fuwei pursuant to and/or traceable to the Company's Registration Statement and Prospectus issued in connection with the Company's Initial Public Offering (the "IPO") on December 19, 2006 through November 12, 2007, seeking to recover damages caused by defendants' violations of federal securities laws, and pursue remedies under the Securities Act of 1933 (the "Securities Act").

---

[1] *See* Declaration of Daniel B. Scotti in Support of Siamak Nazhand's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Scotti Decl.") Exs. B & C.
[2] The Class Period set forth in the Complaint filed in *Yao v. Fuwei*, No. 07 Civ. 9416 (S.D.N.Y. filed on Oct. 19, 2007) runs from December 19, 2006 through October 16, 2007 inclusive.  The Class Period in *Rubin v. Fuwei*, No. 07 Civ. 10323 (S.D.N.Y. filed on Nov. 14, 2007) runs from December 19, 2006 through November 12, 2007.
[3] These facts are derived from the allegations in the complaints filed in *Yao v. Fuwei* and *Rubin v. Fuwei*.

Fuwei develops, manufactures, and distributes plastic films using the biaxial oriented stretch technique. The Company's products include printing base film, stamping foil base film, metallization film or aluminum plating base film, laser holographic base film, single/double surface matte film, anti-counterfeit film, chemical pretreated film, and high-gloss film.  Its films are used in consumer-based packaging, such as the food, pharmaceutical, cosmetics, tobacco, and alcohol industries; imaging, such as masking film, printing plates, and microfilms; electronics and electrical industries, such as wire and cable wrap, capacitors and motor insulations; and in magnetic products, such as audio and video tapes.

The complaint alleges that the Registration Statement and Prospectus issued in connection with the Company's IPO contained materially false and misleading statements, because, among other things, they contained representations that the Company's purchase of its main operating assets at two public auctions in October 2003 and December 2004 were legal and valid, when in fact, the method and manner of the December 2004 purchase violated Chinese laws and/or regulations, and were also criminal in nature.

On October 16, 2007, prior to the opening of the New York financial markets, Fuwei issued a press release announcing that arrest warrants had been issued for defendants Jun Yin, Duo Wang and Tongju Zhou, charging them with crimes of "irregularities for favoritism and to sell state-owned assets at low prices."  In response to this announcement, the Company's stock dropped from $9.55 per share to $7.30 per share.

Then, on November 12, 2007, prior to the opening of the New York financial markets, Fuwei announced that the implementation of a planned Third Production Line would be delayed as a result of "a capital shortfall."  The Company explained that its ability to secure financing was being complicated because of a "limited response from commercial banking lenders because

of the shareholder investigation."  This disclosure caused the Company's stock to drop from $4.68 per share to $3.11 per share.

## III.    ARGUMENT

### A.    NAZHAND SHOULD BE APPOINTED LEAD PLAINTIFF

#### 1.    The Procedure Required by the PSLRA

The PSLRA establishes a procedure that governs the appointment of a Lead Plaintiff in each private action that arises under the Securities Act, brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.  15 U.S.C. § 77z-1(a)(1).

First, the plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action.  This notice informs class members of their right to file a motion to be appointed Lead Plaintiff.  15 U.S.C. § 77z-1(a)(3)(A)(i).  In this case, the first notice was published on October 19, 2007.  *See* Scotti Decl. Ex. D.  Within sixty days after publication of the notice, any person who is a member of the proposed class may petition the Court to be appointed Lead Plaintiff, regardless of whether they have previously filed a complaint in the action.  15 U.S.C. §§ 77z-1(a)(3)(A) and (B).

Second, the PSLRA provides that within ninety days after publication of the notice, the Court shall consider any motion by a class member and shall appoint as Lead Plaintiff the member of the Class that the Court determines to be most capable of adequately representing the interests of the class members.  15 U.S.C. § 77z-1(a)(3)(B).  For purposes of determining the "most adequate plaintiff," the PSLRA states:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that --
>
> > (aa) has either filed the complaint or made a motion in response to a notice …
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)).

### 2. Nazhand Has Timely Moved for Appointment as Lead Plaintiff

Any class member who is interested in moving for Lead Plaintiff appointment in this matter must do so by December 18, 2007.  15 U.S.C. § 77z-1(a)(3)(A).  Pursuant to the PSLRA, and within the requisite time frame after publication of the required notice (published on October 19, 2007), Nazhand hereby moves this Court in a timely manner to be appointed Lead Plaintiff on behalf of all members of the Class.

Nazhand has signed and filed a certification stating that he has reviewed the allegations in this case and is willing to serve as a representative party on behalf of the Class.  *See* Scotti Decl. Ex. B.  In addition, Nazhand has selected and retained experienced, competent counsel to represent him and the Class.  *See* Scotti Decl. Ex. E.  Accordingly, Nazhand has satisfied the individual requirements of 15 U.S.C. § 77z-1(a)(3)(B) and this Court should approve his application for appointment as Lead Plaintiff and his selection of Dreier LLP as Lead Counsel.

### 3. Nazhand Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, Nazhand purchased over 46,000 shares of Fuwei's common stock in or traceable to the Company's IPO, and suffered losses of approximately $172,870 in connection therewith.  *See* Scotti Decl. Exs. B & C.  As far as Movant is aware, his financial interest in this matter is the largest of any competing lead plaintiff movant(s) during the Class Period.  Accordingly, Nazhand satisfies the PSRLA's requirement of having the largest financial interest and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 77z-1(a)(3)(B).

### 4. Nazhand Otherwise Satisfies Rule 23

According to 15 U.S.C. § 77z-1(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four conditions are met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. However, only the typicality and adequacy criteria are relevant to the selection of lead plaintiff. *Barnet v. Elan Corp.*, 236 F.R.D. 158, 163 (S.D.N.Y. 2005). "At the lead plaintiff stage of the litigation, 'the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.'" *In re eSpeed Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) (citation omitted).

Under Rule 23(a), the claims or defenses of the representative parties must be typical of those of the class. "Typicality exists when the lead plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the remaining class members." *In re Elan Corp. Sec. Litig.*, No 02. Civ. 865, 2002 WL 31720410, at *4 (S.D.N.Y. Dec. 3, 2002); *see also In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d. 285, 291 (2d Cir. 1992). However, typicality does not require that the claims of the named representatives and the class members be identical. *In re Elan*, 2002 WL 31720410, at *4 (citation omitted).

Nazhand satisfies this requirement because, like all other class members, he (1) purchased Fuwei common stock during the Class Period in or traceable to the Company's IPO; (2) at artificially inflated prices as a result of the materially false and misleading statements

issued by defendants; and (3) suffered damages thereby. Thus, Nazhand's claims are typical of those of other Class members since his claims and the claims of other Class members arise from the same series of events. *See In re Prestige Brand Holdings, Inc. Sec. Litig.*, No. 05 Civ 6924, 2007 WL 2585088, at *3 (S.D.N.Y. Sept. 5, 2007) (holding typicality requirement satisfied because claims asserted by proposed class representatives were based upon the same allegedly false and misleading Registration Statement and Prospectus that formed the basis of the claims of all class members).

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." The adequacy requirement is met where (1) "class counsel is qualified, experienced, and generally able to conduct the litigation;" (2) the proposed lead plaintiff does not have interests that are antagonistic to other class members; and (3) the proposed lead plaintiff and the class possess sufficient interest to vigorously pursue prosecution of their claims. *Fishbury, Ltd. v. Connetics Corp.*, No. 06 Civ. 11496, 2006 WL 3711566, at *3 (S.D.N.Y. Dec. 14, 2006).

Here, Nazhand is a more than adequate representative of the Class. As evidenced by his losses of $172,870 suffered as a result of defendants' materially false and misleading statements, Nazhand's interest in aggressively pursuing the claims against defendants are clearly aligned with the interests of the Class members, who all similarly suffered losses due to defendants' false and misleading statements. There is no antagonism between the interests of Nazand and those of other Class members. In addition, as demonstrated below, Nazhand's proposed Lead Counsel is highly qualified and experienced, and able to conduct this complex litigation in a professional manner. Thus, Nazhand *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for purposes of this motion.

**B.   THE COURT SHOULD APPROVE NAZHAND'S SELECTION OF DREIER LLP AS LEAD COUNSEL**

Pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. Here, Nazhand has selected Dreier LLP as Lead Counsel to represent it and the Class. The attorneys at Dreier LLP possess extensive experience litigating securities fraud class actions such as this one and have successfully prosecuted numerous securities class actions on behalf of injured investors. *See* Scotti Decl. Ex. E.

**C.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

There are presently two securities fraud class actions pending in the Southern District of New York on behalf of investors in Fuwei securities:

| Case Number | Abbreviated Case Name | Date Filed |
|---|---|---|
| 07 Civ. 9416 | *Yao v. Fuwei Films, et al.* | October 19, 2007 |
| 07 Civ. 10323 | *Rubin v. Fuwei Films, et al.* | November 14, 2007 |

Both of these actions present virtually identical factual and legal issues, as they all arise from the same allegedly false and misleading Registration Statement and Prospectus issued by the Company. Accordingly, consolidation is appropriate here. *See* Fed. R. Civ. P. 42(a); *Goldberger v. PXRE Group, Ltd.*, No. 06 CV 3410, 2007 WL 980417, at *2 (S.D.N.Y. Mar. 30, 2007).

**IV.   CONCLUSION**

For the foregoing reasons, Nazhand satisfies the requirements of Rule 23 and all of the PSRLA's prerequisites for appointment as lead plaintiff in this action and should be appointed Lead Plaintiff. Thus, Nazhand respectfully requests that this Court: (1) appoint Nazhand as Lead Plaintiff; (2) approve Nazhand's selection of Dreier LLP as Lead Counsel; (3) consolidate the

related Actions; and (iv) grant such other and further relief as the Court may deem just and proper.

DATED:   December 18, 2007                    Respectfully submitted,

**DREIER LLP**

By: /s/ Daniel B. Scotti
Daniel B. Scotti
Rebecca Tingey
499 Park Avenue
New York, New York 10022
Telephone: (212) 328-6100

*Counsel for Siamak Nazhand and Proposed Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing to be served on this 18th day of December by ECF notification on the following:

Phillip C. Kim, Esq.
The Rosen Law Firm P.A.
350 5th Avenue, Suite 5508
New York, NY 10118
pkim@rosenlegal.com

Laurence Matthew Rosen, Esq.
The Rosen Law Firm, P.A.
350 5th Avenue, Suite 5508
New York, NY 10118
lrosen@rosenlegal.com

Jules Brody, Esq.
Stull Stull & Brody
6 East 45th Street, 5th Floor
New York, NY 10017
ssbny@aol.com

Mark David Smilow, Esq.
Weiss & Lurie
The Fred French Building
551 Fifth Avenue
New York, NY 10176
msmilow@weisslurie.com

Joseph Harry Weiss, Esq.
Weiss & Lurie
The Fred French Building
551 Fifth Ave,
New York, NY 10176
jweiss@weisslurie.com

Jack I. Zwick, Esq.
Weiss & Lurie
The Fred French Building
551 Fifth Avenue
New York, NY 10176
jzwick@weisslurie.com

And via U.S. Mail on the following:

Alyson M. Weiss, Esq.
Laura M. Vasey, Esq.
Loeb & Loeb LLP
345 Park Avenue
New York, New York 10154-0037

Counsel for Defendant Fuwei Films (Holdings) Co., Ltd.

Caryn G. Schechtman, Esq.
Joshua S. Sohn, Esq.
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020-1104

Counsel for Defendants Maxim Group LLC, Chardan Capital Markets, LLC, and WR Hambrecht & Co., LLC

/s/ Rebecca Tingey
Rebecca Tingey
**DREIER LLP**
499 Park Avenue
New York, New York 10022
Telephone: (212)328-6100
Fax: (212) 710-5968