# EXHIBIT A

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
    Email: pkim@rosenlegal.com
Laurence M. Rosen, Esq.  (LR 5733)
    Email: lrosen@rosenlegal.com
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827



JUDGE SULLIVAN

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| YINGLU YAO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) CIVIL ACTION NO. 07 CIV 9416 |
| Plaintiff, | ) ) |
| vs. | ) CLASS ACTION COMPLAINT ) |
| FUWEI FILMS (HOLDINGS) CO., LTD., XIAOAN HE, JUN YIN, DUO WANG, TONGJU ZHOU, | ) ) **JURY TRIAL DEMANDED** ) |
| Defendants. | ) ) ) |

Plaintiff Yinglu Yao, individually and on behalf of all other persons similarly situated, by his

undersigned attorneys, for his complaint against defendants, alleges the following based upon

personal knowledge as to himself and his own acts, and information and belief as to all other matters,

based upon, *inter alia*, the investigation conducted by and through his attorneys, which included,

among other things, a review of the defendants' public documents, conference calls and

announcements made by defendants, United States Securities and Exchange Commission ("SEC")

filings, wire and press releases published by and regarding  Fuwei Films (Holdings) Co., Ltd.,

1

("FFH", or the "Company"), securities analysts' reports and advisories about the Company, and

information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support

will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.    This is a federal securities class action on behalf of a class consisting of all persons

other than defendants who purchased the common stock of FFH pursuant and/or traceable to the

Company's Registration Statement and Prospectus issued in connection with the Company's Initial

Public Offering (the "IPO") on December 19, 2006 through October 16, 2007, seeking to recover

damages caused by defendants' violations of federal securities laws and to pursue remedies under the

Securities Act of 1933 (the "Securities Act").

## JURISDICTION AND VENUE

2.    The claims asserted herein arise under and pursuant to Sections 11 and 15 of the

Securities Act (15 U.S.C. §§ 77k and 77(o)).

3.    This Court has jurisdiction over the subject matter of this action pursuant to Section

22(a) of the Securities Act, 15 U.S.C. §77v(a).

4.    Venue is proper in this Judicial District pursuant to Section 22(a) of the Securities

Act, 15 U.S.C. § 77v(a). Pursuant to 28 U.S.C. § 1391(d), FFH may be properly sued in any District

in the United States, including the Southern District of New York. Moreover, FFH's common stock

trades on the NASDAQ Global Market, which is located in this District. Thus, venue is proper in

this District.

5.    In connection with the acts, conduct and other wrongs alleged in this complaint,

defendants, directly or indirectly, used the means and instrumentalities of interstate commerce,

2

including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.      Plaintiff Yinglu Yao, as set forth in the accompanying certification, incorporated by reference herein, purchased FFH stock pursuant to or traceable to the Company's IPO and was economically damaged thereby.

7.      Defendant FFH is a Cayman Islands Corporation with its principal place of business in the People's Republic of China.  FFH, through its wholly owned subsidiary, develops, manufactures, and distributes plastic films using the biaxial oriented stretch technique.

8.      The Company's products include printing base film, stamping foil base film, metallization film or aluminum plating base film, laser holographic base film, single/double surface matte film, anti-counterfeit film, chemical pretreated film, and high-gloss film. Its films are used in consumer-based packaging, such as food, pharmaceutical, cosmetics, tobacco, and alcohol industries; imaging, such as masking film, printing plates, and microfilms; electronics and electrical industries, such as wire and cable wrap, capacitors and motor insulation; and in magnetic products, such as audio and video tapes.

9.      FFH's common stock trades on the NASDAQ Global Market under ticker "FFHL."

10.     Defendant Xiaoan He ("He") was at all relevant times herein the Company's Chairman and Chief Executive Officer.

11.     Defendant Jun Yin ("Yin") was a 55% owner of the Company at the time of the Company's IPO. Yin, through his ownership and control of the Company, was a controlling person of FFH within the meaning of the Securities Act.

3

12.     Defendant Duo Wang ("Wang") and defendant and Company director Tongju Zhou were 15% owners of FFH at the time of the Company's IPO. Wang, through his ownership and control of the Company, was a controlling person of FFH within the meaning of the Securities Act.

13.     Defendant Tongju Zhou ("Zhou") was at all relevant times herein a Company director. Zhou, along with Wang, owned 15% of FFH at the time of the Company's IPO.

14.     He, Yin, Wang, and Zhou are collectively referred to hereinafter as the "Individual Defendants."

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

15.     Plaintiff brings this action as a class action on behalf of himself and on behalf of all purchasers of the common stock of the Company issued pursuant to and/or traceable to the Company's IPO through October 16, 2007, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class. Excluded from the Class are defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

16.     The members of the Class are so numerous that joinder of all members is impracticable. Approximately 4.3 million shares of the Company's common stock were sold in the IPO. The precise number of the Class members is unknown to Plaintiff at this time but it is believed to be in the thousands. Members of the Class may be identified from records maintained by FFH or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice customarily used in securities class actions.

4

17.    Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

18.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

19.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a)    whether the provisions of the Securities Act were violated by defendants' acts as alleged herein;

(b)    whether documents, including the Registration Statement and Prospectus, press releases, and public statements issued by defendants to the investing public committed and/or misrepresented material facts about the Company and its business; and

(c)    the extent to which members of the Class have sustained damages, and the proper measure of damages.

20.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

5

21.     On December 15, 2006, the Company filed with the SEC an amended registration statement on Form F-1/A. The Registration Statement contained, *inter alia*, a Prospectus.

22.     On December 18, 2006, at 4:30 p.m., the Company's Prospectus became effective.

23.     On the December 19, 2006, the Company filed its Prospectus with the SEC and commenced its IPO, which involved the sale of 3,750,000 ordinary shares of Company stock at a price of $8.28 per share.  On December 22, 2006, the Company announced the closing of its IPO.  According the announcement, the Company sold 4,312,500 shares of Company stock at $8.28 per share—which included 562,500 additional shares issued to cover over-allotments.  Total gross proceeds from the offering were $35,708,500.

24.     Certain representations made in the Company's Registration Statement and Prospectus in connection with the IPO were materially false or misleading, as demonstrated below:

(a)     the Registration Statement and Prospectus failed to reveal that the Company's main operating assets were obtained through transactions that were not aboveboard and/or valid transactions pursuant to Chinese laws and regulations;

(b)     failed to provide complete disclosures as to the "circumstances" relating to the Company's acquisition of its main productive operating assets that rendered the statements made in the Registration Statement and Prospectus materially inaccurate; and

(c)     inaccurately stating that the likelihood of any recourse or action by the original asset holders or relevant authorities was "remote", when in actuality the risk of any such action was imminent and real as the transactions were not valid and/or aboveboard under Chinese laws and regulations.

6

25.     The foregoing matters, all of which existed at the time of the IPO, were partially revealed in a Company announcement issued on June 25, 2007. The announcement states in relevant part:

> Fuwei Films Discusses Proceedings Related to Three of Its Stockholders
>
> BEIJING, June 25 /Xinhua-PRNewswire-FirstCall/ -- Fuwei Films (Holdings) Co., Ltd. (Nasdaq: FFHL - News; "Fuwei Films") today stated that it had become aware of reports that Mr. Jun Yin, Mr. Duo Wang, and Mr. Tongju Zhou are involved in an investigation conducted by the Chinese Communist Party that began in May and mid-June 2007. Mr. Jun Yin is a 53% shareholder of Fuwei Films and Mr. Tongju Zhou, a director of Fuwei Films, together with Mr. Duo Wang, indirectly own 14% of Fuwei Films. None of these individuals are involved in Fuwei Films' day-to-day operations [sic].
>
> Upon Fuwei Films' receipt of what it deems to be credible, accurate and verifiable information relating to such investigation, it will promptly notify the public thereof. Unofficial sources have reported that the inquiry relating to these three individuals is as a result of the ongoing financial dispute between Weifang Neoluck Group ("Neoluck") and a certain Chinese asset management company. Messrs. Yin, Zhou and Wang are the former management executives of Neoluck. Although Fuwei purchased certain equipment formally owned by Neoluck through a public auction, Neoluck does not have any current relationship with Fuwei Films.
>
> Fuwei Films has not received any written notification or written confirmation from any government authority or any formal official channel regarding the proceedings of the investigation. Any of the news obtained by Fuwei Films as of this date has been solely obtained from non-official channels such as the Internet and non-mainstream media sources as well as some mainstream media reports.
>
> At this time, there has not been any judicial or formal official notification to Fuwei Films that there has been any conclusion that would contradict any facts disclosed in our SEC filings relating to our purchase of certain state-owned equipment that is used in connection with our business. The day-to-day operations of Fuwei Films have been unaffected by the investigation and the existing management team remains intact and we have no reason at the moment to believe that our business will be adversely affected by this investigation.

26.    The June 25, 2007 announcement caused the Company's stock to fall approximately 14%, or $1.01 per share, from the previous trading day.

27.    On October 16, 2007, investors learned of additional details pertaining to the material misstatements in the Prospectus and Registration Statement through a Company announcement. The October 16, 2007 announcement states in relevant part:

> **Fuwei Films Updates Legal Proceedings Related to Three Stockholders**
> Tuesday October 16, 9:01 am ET
>
> BEIJING, Oct. 16 /Xinhua-PRNewswire-FirstCall/ -- Fuwei Films (Holdings) Co., Ltd. (Nasdaq: FFHL - News; "Fuwei Films") today stated that it has become aware that an arrest notice has been issued by the People's Procuratorate of Shandong Province, People's Republic of China on September 28, 2007, for Mr. Jun Yin, Mr. Duo Wang, and Mr. Tongju Zhou, relating to the suspicion of the crime of irregularities for favoritism and to sell state-owned assets at low prices. Mr. Jun Yin is a 52.92% shareholder of Fuwei Films, a director of Fuwei Films, together with Mr. Duo Wang, indirectly own 12.54% of Fuwei Films. None of these individuals are involved in Fuwei Films' day-to-day operations [*sic*].
>
> Fuwei Films issued a press release on June 25, 2007 announcing the investigation of these three men. At this time, there has not been any judicial or formal official notification to Fuwei Films that the investigation or charges involving the three shareholders relates to the purchase by Fuwei Films of state-owned equipment that is used in connection with its business.

28.    The October 16, 2007 announcement caused the Company's stock to drop sharply.

### FIRST CLAIM

### Violation of Section 11 of the Securities Act
### Against All Defendants

29.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein. This claim is not based on and does not sound in fraud.

30.    This claim is brought by Plaintiff on his own behalf and on behalf of other members of the Class who acquired FFH stock pursuant to or traceable to the Company's IPO. Each Class

8

Member acquired his, her, or its shares pursuant to and/or traceable to, and in reliance on, the Registration Statement and Prospectus. FFH is the issuer of the securities through the Registration Statement and Prospectus. The Individual Defendants are signatories of the Registration Statement and Prospectus.

31.    Defendants owed to the purchasers of the stock obtained through the Registration Statement and Prospectus the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement and Prospectus at the time they became effective to ensure that such statements were true and correct and that there was no omission of material facts required to be stated in order to make the statements contained therein not misleading.

32.    None of the defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus were true or that there was no omission of material facts necessary to make the statements made therein not misleading.

33.    Defendants issued and disseminated, caused to be issued and disseminated, and participated in the issuance and dissemination of, material misstatements to the investing public that were contained in the Registration Statement and Prospectus, which misrepresented or failed to disclose, among other things, the facts set forth above. By reason of the conduct alleged herein, each defendant violated and/or controlled a person who violated Section 11 of the Securities Act.

34.    FFH is the issuer of the stock sold via the Registration Statement and Prospectus. As issuer of stock, the Company is strictly liable to Plaintiff and the Class for the material misstatements and omissions therein.

9

35.     At the times they obtained their shares of FFH, Plaintiff and members of the Class did

so without knowledge of the facts concerning the misstatements and omissions alleged herein.

36.     This action is brought within one year after discovery of the untrue statements and

omissions in and from the Registration Statement and Prospectus that should have been made and/or

corrected through the exercise of reasonable diligence, and within three years of the effective date of

the Registration Statement and Prospectus.

37.     By virtue of the foregoing, plaintiff and the other members of the class are entitled to

damages under Section 11 as measured by the provisions of the Section 11(e), from the defendants

and each of them, jointly and severally.

## SECOND CLAIM

### Violations of Section 15 of the Securities Act
### Against the Individual Defendants

38.     Plaintiff repeats and realleges each and every allegation contained above as if fully set

forth herein. This claim is not based on and does not sound in fraud.

39.     This claim is asserted against the Individual Defendants, each of whom was a control

person of FFH during the relevant time period.

40.     For the reasons set forth above in the First Claim, above, FFH is liable to the plaintiff

and the members of the Class who purchased FFH common stock in the IPO based on the untrue

statements and omissions of material fact contained in the Registration Statement and Prospectus,

pursuant to Section 11 of the Securities Act, and were damaged thereby.

41.     The Individual Defendants were control persons of FFH by virtue of, among other

things, their positions as senior officers of the Company, and they were in positions to control and

10

did control, the false and misleading statements and omissions contained in the Registration Statement and Prospectus.

42.    None of the Individual Defendants made reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus were accurate and complete in all material respects. Had they exercised reasonable care, they could have known of the material misstatements and omissions alleged herein.

43.    This claim was brought within one year after the discovery of the untrue statements and omissions in the Registration Statement and Prospectus and within three years after FFH common stock was sold to the Class in connection with the IPO.

44.    By reason of the misconduct alleged herein, for which FFH is primarily liable, as set forth above, the Individual Defendants are jointly and severally liable with and to the same extent as FFH pursuant to Section 15 of the Securities Act.

WHEREFORE, plaintiff prays for relief and judgment, as follows:

 (a) Determining that this action is a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating plaintiff's counsel as Lead Counsel;

 (b) Awarding damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

 (c) Awarding plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

 (d) Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: October 19, 2007                Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

Phillip Kim, Esq. (PK 9384)
  Email: pkim@rosenlegal.com
Laurence Rosen, Esq. (LR 5733)
  Email: lrosen@rosenlegal.com
350 Fifth Avenue, Suite 5508
New York, NY 10118
Phone: (212) 686-1060
Fax: (212) 202-3827

Counsel for Plaintiff

12

## CERTIFICATION

The individual or institution listed below (the "Plaintiff") authorizes the Rosen Law Firm, P.A. to file an action or amend a current action under the federal securities laws to recover damages and to seek other relief against Fuwei Films (Holdings) Co., Ltd. ("FFH"), and certain of its officers and directors. The Rosen Law Firm, P.A. agrees to prosecute the action on a contingent fee basis not to exceed one-third of any recovery and will advance all costs and expenses. Any legal fees and expenses will be determined by, and payable, only upon order of the U.S. District Court.

Plaintiff declares, as to the claims asserted under the federal securities laws, that:

1.      I have reviewed the complaint against FFH and certain of its officers and directors and authorized the filing thereof by the Rosen Law Firm, P.A., whom I retain as counsel in this action for all purposes.

2.      I did not engage in transactions in the securities that are the subject of this action at the direction of plaintiff's counsel or in order to participate in this or any other litigation under the securities laws of the United States.

3.      I am willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action, and whose duties may include testifying at deposition and trial.

4.      The following is a list of all of the purchases and sales I have made in FFH securities during the class period set forth in the complaint. I have made no transactions during the class period in the debt or equity securities that are the subject of this lawsuit except those set forth below.

| Number of Shares Purchased or Sold | Date(s) Purchased | Price Paid Per Share | Date(s) Sold (if applicable) | Price Sold Per Share |
|---|---|---|---|---|
| 1,000 | 12/29/2006 | $ 17.45 | | $ |
| 500 | 2/7/2007 | $ 11.60 | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |

PLEASE FAX CERTIFICATION TO ROSEN LAW FIRM: (212) 202-3827

5.     I have not, within the three years preceding the date of this certification, sought to serve or served as a representative party on behalf of a class in an action involving alleged violations of the federal securities laws, except: for the following company(ies):

6.     I will not accept any payment for serving as a representative party beyond my pro rata share of any recovery, except reasonable costs and expenses, such as travel expenses and lost wages directly related to the class representation, as ordered or approved by the court pursuant to law.

I declare, under penalty of perjury that the foregoing is true and correct. Executed this ⟨8⟩ day of ⟨October⟩ 2007.

Signature: _____
Name:      Yinalu Yao
Address:

Phone:
E-mail:

Item. 4 (continue from prior page if needed)

| Number of Shares Purchased or Sold | Date(s) Purchased | Price Paid Per Share | Date(s) Sold (if applicable) | Price Sold Per Share |
|---|---|---|---|---|
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |

PLEASE FAX CERTIFICATION TO ROSEN LAW FIRM at (212)  202-3827
OR MAIL TO:
THE ROSEN LAW FIRM PA
350 FIFTH AVENUE, SUITE 5508
NEW YORK, NY   10118

2