UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
YINGLU YAO, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

                Plaintiff,

vs.

FUWEI FILMS (HOLDINGS) CO., LTD., XIAOAN
HE, JUN YIN, DUO WANG, TONGJU ZHOU,

                Defendants.

-------------------------------------------------------------X

Case No.: 07-CV-9416 (RJS)

<u>CLASS ACTION</u>

**[PROPOSED] ORDER: (1) CONSOLIDATING RELATED ACTIONS; (2) APPOINTING LEAD PLAINTIFF; AND (3) APPROVING LEAD PLAINTIFF'S SELECTION OF COUNSEL**

MEIRA RUBIN, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

                Plaintiff,

vs.

FUWEI FILMS HOLDINGS CO., LTD., XIAOAN
HE, LIN TANG, MARK E. STULGA, TONGJU
ZHOU, DUO WANG, JUN YIN, MAXIM GROUP
LLC, CHARDAN CAPITAL MARKETS LLC, and
W.R. HAMBRECHT & CO., LLC,

                Defendants.

-------------------------------------------------------------X

Case No.: 07-CV-10323 (RJS)

<u>CLASS ACTION</u>

**[PROPOSED] ORDER**

      WHEREAS, the above-captioned securities class actions (the "Securities Class Actions") have been filed against defendant Fuwei Films (Holdings) Co., Ltd., et al. (collectively "Defendants"), alleging violations of the federal securities laws;

      WHEREAS, Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may

order all actions consolidated if they involve "common issues of law or fact." Fed. R. Civ. P. 42(a). The Securities Class Actions involve common legal and factual issues; thus, efficiency and consistency will result from their consolidation. See Fed. R. Civ. P. 42(a);

WHEREAS, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(3)(A)(i), notice was issued to potential class members of the action and informed them of their right to move to serve as lead plaintiff within 60 days of the date of the issuance of said notice;

WHEREAS, on December 18, 2007, Nijat Tonyaz moved the Court to: (1) consolidate the Securities Class Actions; (2) be appointed as lead plaintiff; and (3) approve his selection of the Rosen Law Firm, P.A. as Lead Counsel;

WHEREAS, the PSLRA provides, *inter alia*, that the most-adequate plaintiff to serve as lead plaintiff is the person or group of persons that has either filed a complaint or has made a motion in response to a notice and has the largest financial interest in the relief sought by the Class and satisfies the requirement of Fed. R. Civ. P. 23;

WHEREAS, the Court finding that Nijat Tonyaz has the largest financial interest in this action and *prima facie* satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23. See 15 U.S.C. § 78z-1 (a)(3)(B)(iii)(I);

**IT IS HEREBY ORDERED THAT:**

**CONSOLIDATION OF SECURITIES CLASS ACTIONS**

1. The Securities Class Actions are consolidated for all purposes including, but not limited to, discovery, pretrial proceedings and trial proceedings pursuant to Fed. R. Civ. P. 42(a).

**MASTER DOCKET AND CAPTION**

2. The docket in Case No. 07-CV-9416 (RJS) shall constitute the Master Docket for this action.

3. Every pleading filed in the consolidated action shall bear the following caption:

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                 Master File No.: 07-CV-9416 (RJS)
In re Fuwei Films Securities Litigation
                                                                 CLASS ACTION

This Document Relates To:

---------------------------------------------------------------X
```

4. The file in Civil Action No. 07-CV-9416 (RJS) shall constitute a master file for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a pleading applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

5. All Securities Class Actions subsequently filed in, or transferred to, this District shall be consolidated into this action. This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the date on which a copy of this Order is mailed to the party's counsel.

6. This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, with good cause shown.

## APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

7. Pursuant to Section 27 of the Securities Act, 15 U.S.C. § 77z-1(a)(3)(B), Movant Nijat Tonyaz is appointed Lead Plaintiff for the Class, as he has the largest financial interest in this litigation and otherwise satisfy the requirements of Fed. R. Civ. P. 23.

8. Nijat Tonyaz' choice of counsel is approved and accordingly, the Rosen Law Firm, P.A. is appointed Lead Counsel.

9. Lead Counsel, after being appointed by the Court, shall manage the prosecution of this litigation. Lead Counsel are to avoid duplicative or unproductive activities and are hereby vested by the Court with the responsibilities that include, without limitation, the following: (1) to prepare all pleadings; (2) to direct and coordinate the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court; (3) to initiate and direct discovery; (4) prepare the case for trial; and (5) to engage in settlement negotiations on behalf of Lead Plaintiff.

SO ORDERED:

Dated _____, 2008        _____
                                Honorable Richard J. Sullivan
                                United States District Court Judge

.