**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| YINGLU YAO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>         Plaintiff,<br><br>    vs.<br><br>FUWEI FILMS (HOLDINGS) CO., LTD., XIAOAN HE, JUN YIN, DUO WANG, TONGJU ZHOU,<br><br>        Defendants. | Case No.: 07-CV-9416 (RJS)<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** |

------------------------------------------------------------X

| | |
|---|---|
| MEIRA RUBIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>        Plaintiff,<br><br>    vs.<br><br>FUWEI FILMS HOLDINGS CO., LTD., XIAOAN HE, LIN TANG, MARK E. STULGA, TONGJU ZHOU, DUO WANG, JUN YIN, MAXIM GROUP LLC, CHARDAN CAPITAL MARKETS LLC, and W.R. HAMBRECHT & CO., LLC,<br><br>        Defendants. | Case No.: 07-CV-10323 (RJS)<br><br><u>CLASS ACTION</u> |

------------------------------------------------------------X

**PRELIMINARY STATEMENT**

1

Plaintiff Nijat Tonyaz ("Movant") respectfully submit this memorandum of law in support of this motion for an Order, pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a) consolidating the above-captioned related actions;

(b) appointing Nijat Tonyaz, as Lead Plaintiff for the Class of all purchasers of the shares of Fuwei Films (Holdings) Co., Ltd. ("Fuwei Films" or the "Company"), pursuant to or traceable to Fuwei Films' Initial Public Offering of December 19, 2006, through October 16, 2007; and

(c) approving Movant's selection of The Rosen Law Firm P.A. as Lead Counsel.


## BACKGROUND

On October 19, 2007, the Rosen Law Firm, P.A. filed the first of two putative securities class actions against Fuwei Films and certain of its present and former officers for violations of Section 11 and 15 of Securities Act in connection with the Company's December 19, 2006 IPO through October 16, 2007 (the "Class Period"). That same day, the Rosen Law Firm, P.A. issued a PSLRA early notice advising class members that they had 60 days from that date to seek appointment as lead plaintiff in the action. *See* Declaration of Phillip Kim, filed herewith ("Kim Decl."), Ex. 1. Thereafter, on November 14, 2007, a related action was filed asserting essentially the same nucleus of operative fact, entitled *Meira Rubin v. Fuwei Films, et al.*, Case No. 07-CV-10323 (RJS) (the "Rubin Action"). In addition to the Section 11 and 15 claims asserted in the first-filed action, the Rubin Action asserted Section 12 claims and named underwriter

defendants.

Both actions allege that Fuwei Films and certain other defendants violated the Securities Act by including materially inaccurate statements of fact in the Company's Prospectus and Registration Statement issued in connection with Fuwei Films' IPO, which raised over $35 million. Both actions assert that the Prospectus and Registration Statement were materially inaccurate because at the time of the IPO, the Company's main operating assets were procured in violation of applicable Chinese laws and/or regulations and were criminal in nature. The actions assert that at each date during the Class Period when the market learned of material adverse news related to the misrepresentations and omissions, the price of the Fuwei Films' securities fell, causing damage to Plaintiff and the Class.

## ARGUMENT

## I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir), *cert. denied*, 498 U.S. 920 (1990); Manual for Complex Litigation (Third) § 20.123, at 13-14 (1995).

The PSLRA contemplates consolidation where more than one action on behalf of a class asserting substantially the same claim or claims arising under the Securities Act have been filed.

3

15 U.S.C. § 77z-1(a)(3)(B)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned actions has been filed in this District, alleging similar factual and legal grounds to support allegations of violations of the Securities Act by the Defendants arising from their issuance of a materially false and misleading Registration Statement and Prospectus.  Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Section 27(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Securities Act.  In relevant part, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the 60th day after such notice.  15 U.S.C. § 77z-1(a)(3)(A)(I).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person …" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *see also Richardson v. TVIA, Inc.,* 2007 WL 1129344 * 2 (N.D. Cal. Apr. 16, 2007); (*citing In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)).

As set forth below, Movant Nijat Tonyaz satisfies all three of these criteria and thus is

entitled to the presumption that he is the most adequate plaintiff of the class and, therefore, should be appointed as Lead Plaintiff.

###    A.    MOVANT HAS MADE A TIMELY MOTION AND IS WILLING TO SERVE AS CLASS REPRESENTATIVE

On October 19, 2007, the Rosen Law Firm, P.A. issued a PSLRA early notice (the "Notice") announcing that a class action had been filed against Fuwei Films and certain of its present and former officers, directors and control persons. The early notice advised members of the class that they had sixty days from the date of the notice to move for appointment as Lead Plaintiff. *See* Kim Decl., Ex. 1. Movant has filed the instant motion pursuant to the Notice and has attached Movant's PSLRA Certification attesting that he is willing to serve as a representative of the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Kim Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

###    B.    MOVANT HAS THE LARGEST FINANCIAL INTEREST

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (*emphasis added*). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex,* 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] analysis in determining the largest financial interest, "[t]he amount of financial loss is the most significant of

---

1  *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re*

[LAX-style] elements." *Weiss v. Friedman, Billings, Ramsey, Group, Inc.*, 2006 WL 197036 * 3 (S.D.N.Y. Jan. 25, 2006) (*quoting In re Vicuron Pharms. Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004)); *see also Richardson*, 2007 WL 1129344 at * 4 (of the *Lax/Olsten* factors approximate loss is most determinative). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant Nijat Tonyaz purchased 33,000 shares of Fuwei Films stock during the Class Period at a cost basis of $460,700.00. Mr. Tonyaz still holds all of these shares,[2] and has thus suffered approximate losses of $295,700.00. *See* Kim Decl., Ex. 3.

Movant is not aware of any other movants that have suffered greater losses in Fuwei Films securities during the Class Period. Accordingly, with total losses of $295,700.00, the Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C.    MOVANT SATISFIES THE REQUIREMENT OF RULE 23 OF THE FEDERAL RULES  OF CIVIL PROCEDURE

Section 27(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

    (1)   the class is so numerous that joinder of all members is impracticable,

---

*Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

2 For the value of held shares, Movant uses the average daily closing price of FFHL stock from the date of the filing of the first-filed action to the date of this motion- $5.00 per share.

(2)   there are questions of law or fact common to the class,

(3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4)   the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the proposed Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a prima facie showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60, 64 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Oxford Health Plans,* 182 F.R.D. at 49 (*citing Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); and *Olsten*, 3 F. Supp. 2d at 296)).

Movant fulfills all of the requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the Class and their claims are typical of those of the members of the Class. Movant and all members of the Class allege that defendants violated the Securities Act by issuing a materially false and misleading Registration Statement and Prospectus in connection with the Company's IPO. The Movant, as did all of the members of the Class, purchased Fuwei shares pursuant to or traceable to the Company's Registration Statement and Prospectus at prices artificially inflated by Defendants' misrepresentations and omissions contained therein, and were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between the Movant and other Class members, as well as the strong desire of the proposed Lead Plaintiff to prosecute these actions on behalf of the Class, provide ample reasons to grant the Movant's motion to serve as Lead Plaintiff.

**D.    MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS AND IS NOT SUBJECT TO UNIQUE DEFENSES**

The presumption in favor of appointing the Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (a)  will not fairly and adequately protect the interest of the class; or
>
> (b)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(b)(iii)(II).

Movant's ability, and his desire, to represent the Class fairly and adequately have been discussed above.  The Movant is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the Class.  Accordingly, the Court should appoint the Movant as Lead Plaintiff for the Class.

**II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 77z-1(a)(3)(B)(v).  The Court should interfere with lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant selects The Rosen Law Firm, P.A. as Lead Counsel.  The Rosen Law Firm has been actively researching the Class Plaintiffs' claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants.  Indeed, the Rosen Law Firm initiated the first-filed action, which spurred the filing of a "copy-cat" action.  Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigation and securities fraud class actions on behalf of investors in courts across the country.  *See* Rosen Decl., Ex. 4.

The firm's experience in litigation involving issues similar to those raised in this action has endowed Movant's counsel with the requisite skill and knowledge to enable the  Firm to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the Class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, the Movant respectfully requests the Court issue an Order (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff for the Class; (3) approving Lead Plaintiff's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Respectfully submitted,

Dated: December 18, 2007                **THE ROSEN LAW FIRM, P.A.**

                                       _____/s/ Phillip Kim_____
                                       Phillip Kim, Esq. (PK 9384)
                                       Laurence M. Rosen, Esq. (LR 5733)
                                       350 Fifth Avenue, Suite 5508
                                       New York, New York 10118
                                       Telephone: (212) 686-1060
                                       Fax: (212) 202-3827
                                       Email: pkim@rosenlegal.com
                                       Email: lrosen@rosenlegal.com

                                       [Proposed] Lead Counsel for Plaintiffs

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this on the 18th Day of December, 2007, a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim