**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| YINGLU YAO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>                Plaintiff,<br><br>      vs.<br><br>FUWEI FILMS (HOLDINGS) CO., LTD., XIAOAN HE, JUN YIN, DUO WANG, TONGJU ZHOU,<br><br>                Defendants. | Case No.: 07-CV-9416 (RJS)<br><br>CLASS ACTION<br><br>**NIJAT TONYAZ' MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR LEAD PLAINTIFF AND IN OPPOSITION TO COMPETING MOTIONS FOR LEAD PLAINTIFF** |

-----------------------------------------------------------------X

| | |
|---|---|
| MEIRA RUBIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>                Plaintiff,<br><br>      vs.<br><br>FUWEI FILMS HOLDINGS CO., LTD., XIAOAN HE, LIN TANG, MARK E. STULGA, TONGJU ZHOU, DUO WANG, JUN YIN, MAXIM GROUP LLC, CHARDAN CAPITAL MARKETS LLC, and W.R. HAMBRECHT & CO., LLC,<br><br>                Defendants. | Case No.: 07-CV-10323 (RJS)<br><br>CLASS ACTION |

-----------------------------------------------------------------X

1

Plaintiff Nijat Tonyaz ("Plaintiff" or "Movant") submits this memorandum of law in further support of his motion to be appointed Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and in opposition to all competing motions for appointment as Lead Plaintiff.

## PRELIMINARY STATEMENT

Before this Court are three motions by Class members seeking appointment as Lead Plaintiff, among whom Nijat Tonyaz has by far the largest financial interest in the relief sought by the Class. Doing an 'apples to apples' comparison, Movant has by far the largest losses on the securities of Fuwei Films (Holdings) Co., Ltd.. ("FFHL" or the "Company") during the Class Period. Indeed, Mr. Tonyaz has larger losses than all the competing movants combined. The movants and their approximate losses on FFHL securities are as follows:

| MOVANT | LOSSES @ $4.267 per share for shares retained | LOSSES @ $5.00 per share for shares retained |
|---|---|---|
| **Nijat Tonyaz** | **$319,889.00[1]** | **$295,700.00** |
| Siamak Nazhand | $172,870.42 | $172,870.42 |
| Rubin Group<br>• Meira Rubin<br>• Costachi Leru | $77,302.10<br>• $4,402.10<br>• $72,900.00 | $76,569.10<br>• $3,669.10<br>• $72,900.00 |

In addition to having the largest financial interest in this litigation, Plaintiff Tonyaz also satisfies the pertinent requirements of Rule 23 and has complied with the PSLRA. As set forth in his opening papers, Movant *prima facie* satisfies the typicality and adequacy requirements of Rule 23,

---

[1] Movant uses the same share price utilized by the Rubin Group (Meira Rubin and Costachi Leru) for the value of held shares: ($4.267). Using that value for held shares, Mr. Tonyaz' claimed losses are $319,889.00, rather than the $295,700.00 claimed in his opening papers. *See* Declaration of Phillip Kim, ("Kim Decl."), Ex. 1, filed herewith.

2

and thus he is entitled to the presumption under the PSLRA that he is the most adequate Lead Plaintiff in this litigation. See Opening Br. pp. 9-10.[2] As no other movant has submitted any proof to rebut that presumption, the Mr. Tonyaz must be appointed Lead Plaintiff and his selection of counsel approved.

**ARGUMENT**

**I.   MOVANT IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF**

    **A.   Mr. Tonyaz Has the Largest Financial Interest**

As set forth in his opening papers, "approximate loss" is the most determinative factor in finding the largest financial interest. Indeed, "[w]hile the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005); *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 104 (S.D.N.Y. 2007); *In re Comverse Tec. Inc. Secs. Litig.*, 2007 WL 680779 * 3 (E.D.N.Y. Mar. 2, 2007) (approximate loss "most influential"); *Weiss v. Friedman, Billings, Ramsey Group, Inc.*, 2006 WL 197036 * 3 (S.D.N.Y. Jan. 25, 2006) (same); *Richardson v. TVIA, Inc.,* 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (approximate loss most determinative).

As noted above, Mr. Tonyaz' losses of $319,889.00 are much larger than the losses of all other movants, individually or combined. Thus, he has the largest financial interest in this litigation.

    **B.   Movant Satisfies Rule 23**

In addition to possessing the largest financial interest in the litigation, the lead plaintiff must

---

2 All references to "Opening Br. __" refer to Mr. Tonyaz' opening Memorandum of Law Filed with the Court on December 18, 2007. Docket no. 15.

also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The Court must then focus its Rule 23 inquiry on that party. At this stage, the typicality and adequacy requirements are the only Rule 23 considerations relevant to the appointment of lead plaintiff. So long as the movant with the largest financial interest satisfies the typicality and adequacy requirements, here Mr. Tonyaz, the movant is entitled to most adequate lead plaintiff status. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

As set forth in his Opening Br. pp. 9-10, Mr. Tonyaz satisfies the typicality and adequacy requirements of Rule 23, and has demonstrated that he can fairly and adequately protect the interests of the class. Mr. Tonyaz has the largest financial interest in the litigation among all competing movants and otherwise satisfies the requirements of Rule 23. Additionally, movant has standing to pursue to the Securities Act claims he alleges. Therefore, he satisfies all prongs of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and is presumed to be the "most adequate plaintiff."

## II.     THE PRESUMPTION OF ADEQUACY HAS NOT BEEN REBUTTED

Competing movants may attempt to conjure up speculative arguments to rebut the powerful presumption in favor of Mr. Tonyaz. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive lead plaintiff, here Mr. Tonyaz, will not adequately represent the class. 15 U.S.C. ¶ 77z-1(a)(3)(B)(iii)(II); *see also Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 547-48 (N.D. Tex. 1997) ("speculative assertions are insufficient to rebut the presumption" of adequacy); *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not mere "speculation"); *Constance Sczesny Trust v.*

*KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …."); *Glauser v. EVCI Center Colleges Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006 ) (same).

Moreover, although the Court may compare putative lead plaintiffs' losses when assessing financial stake, once the statutory presumption has attached, it cannot be rebutted through relative comparison as to adequacy or typicality. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002); *see also Sofran*, 220 F.R.D. at 402 ("That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirement, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

As Mr. Tonyaz is the movant with the largest financial interest and has made a *prima facie* demonstration that he satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure, and no movant has rebutted the presumption of adequacy, he must be appointed Lead Plaintiff.

### III.    THE COURT SHOULD NOT APPOINT "NICHE" CO-LEAD PLAINTIFFS

Competing movant Meira Rubin of the Rubin Group (with the *smallest losses* alleged by any competing movant with $4,402.10) may argue that because she purchased shares from the underwriters, she should be appointed a co-lead plaintiff alongside Mr. Tonyaz—as she is the only movant that has purchased shares from the underwriters, and that qualification would arguably provide her standing for a Section 12 claim. The Court should not entertain this recycled argument that has been routinely rejected by Courts. As the Second Circuit has explained in *Hevesi v.*

*Citigroup, Inc.*, 366 F.3d 70, 82 (2d Cir. 2004):

> Nothing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action. Rather, because the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim.
>
> *          *          *
>
> Moreover, the PSLRA does not in any way prohibit the addition of named plaintiffs to aid the lead plaintiff in representing a class.

366 F.3d at 83.

Thus, in situations where a proposed lead plaintiff may not have standing to sue on all prospective claims, Courts have refused to appoint "niche" co-lead plaintiffs that have standing to sue on the prospective claims because additional named plaintiffs can be added when an amended complaint is filed. Indeed, the "[t]he idea that there should be multiple Lead Plaintiffs with standing to sue on all possible causes of action has been rejected by the Southern District." *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253 (S.D.N.Y. 2003) (*citing In re Initial Pub. Offering Secs. Litig.*, 214 F.R.D. 117, 123-25 (S.D.N.Y. 2002)) (*other citing reference omitted*).

Additionally, Courts have refused to appoint "niche" co-lead plaintiffs as doing so would contravene the PSLRA goal of minimizing lawyer-driven litigation. *See In re Enron Corp. Secs. Litig.*, 206 F.R.D. 427, 454-56 (S.D. Tex. 2002) (refusing to subdivide into multiple "niche" lead plaintiffs based on the type of security purchased because it would "undermine the purpose of PSLRA"); *Greenberg v. Bear Stearns & Co., Inc.*, 80 F. Supp. 2d 65, 70-71 (E.D.N.Y. 2000) (same); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp.2d 1146, 1151 (N.D. Cal. 1999) (refusing to appoint different lead plaintiffs to represent Exchange Act and Securities Act claims); *see also In re Diasonics Secs. Litig.*, 599 F. Supp. 447, 454 (N.D. Cal. 1994) ("The Ninth Circuit has explicitly

6

rejected the suggestion that there is an incipient conflict between early purchasers and later purchasers in a stock offering.") (*citing Blackie v. Barrack*, 524 F.2d 891, 9-0-10 (9th Cir. 1975)).

## IV.   COMPETING MOTIONS SHOULD BE DENIED

As set forth above, Mr. Tonyaz has the largest financial interest and has *prima facie* established typicality and adequacy under Rule 23. Under these circumstances, the Court must appoint him Lead Plaintiff without consideration of the other competing movants with lesser financial interests. In addition to this overwhelming reality, Mr. Tonyaz submits the following additional facts which further demonstrate why the competing motions should be denied.

### A.   **Siamak Nazhand's Motion Should Be Denied**

It appears that Mr. Nazhand may be a felon convicted of a very serious crime—attempted arson—if so, he would be unfit to serve as lead plaintiff. *See Zianglin Shi v. Sina Corp.*, 2005 WL 1561438 *4 (S.D.N.Y. Jul. 1, 2005) (rejecting movant that was a convicted felon). The Rosen Law Firm has conducted a '*nationwide people search*' using the services provided by Intelius, available at http://www.intelius.com. *See* Kim Decl., Ex. 2. The search revealed only two results for a Siamak Nazhand—both listed as age 44. *See Id.* Both results appear to refer to the same person with addresses listed in the Silicon Valley area of California. *See Id.* According to a news article published by the *Contra Costa Times*, in Walnut Creek California, on February 6, 2000, a Siamak Nazhand (reported age at that time 36), was sentenced to two years in prison for an arson attempt that went awry, in an apparent insurance fraud scheme. *See* Kim Decl., Ex. 3. Further confirming the pedigree of this Siamak Nazhand is a PACER search that reveals a RICO civil action in the Northern District of California brought by a Siamak Nazhand, in connection with a different investment loss. *See Siamak Nazhand, et al. v. Soloman,* Case No. C-06-5492-RMW. Based on

these facts it appears that movant Nazhand may be the convicted felon referred to in the news article. If true, he is unfit to serve as lead plaintiff. At minimum, Mr. Nazhand should be required to provide evidence that the foregoing does not refer to him.

## V.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

As set forth in its Opening Br. pp. 8-9, The Rosen Law Firm has extensive experience in successfully prosecuting securities class actions and is adequate to serve the interests of the Class. Indeed, the Rosen Law Firm was the firm that initiated the first-filed lawsuit. Consequently, the Court should approve Nijat Tonyaz' selection of counsel.

## CONCLUSION

For the foregoing reasons, the Movant respectfully requests the Court issue an Order (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff for the Class; (3) approving Lead Plaintiff's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Respectfully submitted,

Dated: January 7, 2008            **THE ROSEN LAW FIRM, P.A.**

  /s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

8

**CERTIFICATE OF SERVICE**

      I hereby certify that on this on the 7th day of January, 2008, a true and correct copy of the foregoing NIJAT TONYAZ' MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR LEAD PLAINTIFF AND IN OPPOSITION TO COMPETING MOTIONS FOR LEAD PLAINTIFF was served by CM/ECF to the parties registered to the Court's CM/ECF system.

      /s/ Phillip Kim