**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

| | |
|---|---|
| YINGLU YAO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>                Plaintiff,<br><br>vs.<br><br>FUWEI FILMS (HOLDINGS) CO., LTD., XIAOAN HE, JUN YIN, DUO WANG, TONGJU ZHOU,<br><br>                Defendants. | Case No.: 07-CV-9416 (RJS)<br><br>CLASS ACTION<br><br>**NIJAT TONYAZ' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR LEAD PLAINTIFF AND IN OPPOSITION TO COMPETING MOTION FOR LEAD PLAINTIFF** |

-----------------------------------------------------------------X

| | |
|---|---|
| MEIRA RUBIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>                Plaintiff,<br><br>vs.<br><br>FUWEI FILMS HOLDINGS CO., LTD., XIAOAN HE, LIN TANG, MARK E. STULGA, TONGJU ZHOU, DUO WANG, JUN YIN, MAXIM GROUP LLC, CHARDAN CAPITAL MARKETS LLC, and W.R. HAMBRECHT & CO., LLC,<br><br>                Defendants. | Case No.: 07-CV-10323 (RJS)<br><br>CLASS ACTION |

-----------------------------------------------------------------X

1

Plaintiff Nijat Tonyaz ("Plaintiff" or "Movant") submits this reply memorandum of law in further support of his motion to be appointed Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and in opposition to the competing motion for appointment as Lead Plaintiff filed by Meira Rubin and Costachi Leru. (the "Rubin Group).

## ARGUMENT

Of the two motions[1] presently before the Court, there is no doubt that Mr. Tonyaz is the "most adequate plaintiff" under the PSLRA's criteria for appointment of Lead Plaintiff. By virtue of his approximate loss of $319,889.00 on FFHL shares, Mr. Tonyaz has by far the largest financial interest in the relief sought by the Class, and his adequacy and typicality under Rule 23 of the Federal Rules of Civil Procedure has not been legitimately challenged.

Yet, the lone remaining movant the Rubin Group, consisting of two unrelated investors with aggregated losses of $77,302.10, argue that the powerful presumption in favor of Mr. Tonyaz has been rebutted. Meira Rubin of the Rubin Group argues that with her $4,402.10 loss, she individually or in tandem with other group member Costachi Leru with losses of $72,900.00, should be appointed lead plaintiff or co-lead plaintiff, because: (1) Meira Rubin has standing to pursue any prospective Section 12 claims; and (2) Meria Rubin is a better lead plaintiff because she does not need to "trace" her shares for her Section 11 claim.

As demonstrated below, and under applicable law, these arguments are merely distractions and do not rebut the presumption in favor of appointing Mr. Tonyaz as lead plaintiff.

---

[1] Movant Siamak Nazhand, with claimed losses of $178,870.42 has withdrawn his motion. *See* Docket no. 20. Thus there are only two motions before the Court.

1.  **Standing for the Section 12 Claim is Irrelevant and Immaterial to the Selection of Lead Plaintiff under the PSLRA and Second Circuit Law**

Preliminarily, the Rubin Group does not and cannot argue that Mr. Tonyaz does not have standing to bring his Section 11 and 15 claims under the Securities Act. Rather, the Rubin Group asserts that Mr. Tonyaz' alleged lack of standing to pursue claims under Section 12 rebuts the PSLRA presumption of adequacy and renders him inadequate.

This recycled argument fails as a matter of law. As demonstrated in Mr. Tonyaz' opposition, brief (the "Opp. Br."), the Second Circuit has explicitly explained that:

> Nothing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action. Rather, because the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim.

*Hevesi v. Citigroup, Inc.*, 336 F.3d 70, 82 (2d Cir. 2004).

The Second Circuit's holding in *Hevesi* confirmed what District Courts in the Southern District have long held: "The idea that there should be multiple Lead Plaintiffs with standing to sue on all possible caused of action has been rejected by the Southern District." *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253 (S.D.N.Y. 2003) (*citing In re Initial Pub. Offering Secs. Litig.*, 214 F.R.D. 117, 123-25 (S.D.N.Y. 2002)) (*other citing reference omitted*); *In re Global Crossing, Ltd.*, *Secs. Litig.*, 313 F. Supp. 2d 189, 204-05 (S.D.N.Y. 2003).

Moreover, even if the Court were to consider this argument at the Lead Plaintiff stage (which it should not), it is a non-starter as Class Member Jerome Sahlman, who purchased in the Company's IPO and has standing to pursue Section 12 Claims, has retained the Rosen Law Firm, P.A. to represent him, and has agreed to be a named plaintiff and serve as class representative if and

when Mr. Tonyaz is appointed Lead Plaintiff. *See* PSLRA Certification attached to Exhibit 1, & ¶ 3 to the Reply Declaration of Phillip Kim, submitted herewith. Thus, when Mr. Tonyaz files a consolidated amended complaint as Lead Plaintiff, Mr. Sahlman will be added as a named plaintiff, there will be standing to pursue all the Securities Act claims. The Second Circuit clearly explained that "the PSLRA does not in any way prohibit the addition of named plaintiffs to aid the lead plaintiff in representing the class." *See Hevesi*, 336 F.3d at 82; *In re Global Crossing, Ltd. Secs. Litig.*, 313 F. Supp.2d at 205 ("Nor does anything in the PSLRA prevent the Lead Plaintiffs from constructing a consolidated complaint that brings claims on behalf of a number of named parties besides the Lead Plaintiffs themselves").

Lastly, as set forth in Mr. Tonyaz' opposition, the appointment of Ms. Rubin or the Rubin Group as "niche" co-lead plaintiffs would also fly in the face of the PSLRA's overarching goal preventing lawyer driven litigation. *See* Opp. Br. pp. 6-7. Put simply, there is no compelling reason under the law or the facts of this case, in appointing the Rubin Group or Ms. Rubin alone, as Co-Lead Plaintiff, along side Mr. Tonyaz.

### 2.    A Movant That is "More Adequate" or "More Typical" Is Insufficient as a Matter of Law To Rebut Mr. Tonyaz' Adequacy

Ms. Rubin also suggests that she may be a more adequate or more typical because she may not need to rely on tracing for her Section 11 claim. This argument is without merit. The tracing argument is not a defense unique to just Mr. Tonyaz but is one that applicable to all open market purchasing class members with respect to the Section 11 claim. Indeed, Costachi Leru of the Rubin Group, who purchased shares much later than Mr. Tonyaz, is subject to the same purported "unique defense." On this ground alone, this purported unique defense is not sufficient to rebut the

presumption in favor of Mr. Tonyaz..²

Lastly and perhaps most importantly, the unfounded assertion that Ms. Rubin, with losses of $4,402.10 may be a better Lead Plaintiff, is in contravention of the PSLRA.  The PSLRA, forbids any free-wheeling comparison of competing lead plaintiff movants as to the Rule 23 requirements. *See  In re Cavanaugh*, 306 F.3d  726, 732 (9th Cir. 2002); *see also Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence.  So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirement, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

Accordingly, as Mr. Tonyaz has the largest financial interest in this litigation, otherwise satisfies the pertinent requirements of Rule 23, and no competing movant has submitted any legitimate arguments—let alone "proof"—to rebut the presumption in favor or Mr. Tonyaz, Mr. Tonyaz must be appointed Lead Plaintiff and his selection of counsel approved.

---

2 The "unique defense" has to be unique to the movant.  15 U.S.C. § 77z-1(a)(3)(b)(iii)(II); *see also Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 6 (N.D. Cal. Apr. 16, 2007) (rejecting alleged "unique defense" against a lead plaintiff movant, because the defense was applicable to absent class members).

## CONCLUSION

For the foregoing reasons, Nijat Tonyaz requests the Court issue an Order (1) consolidating the related actions; (2) appointing Mr. Tonyaz as Lead Plaintiff for the Class; (3) approving Lead Plaintiff's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Respectfully submitted,

Dated: January 14, 2008          **THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on this on the 14th day of January, 2008, a true and correct copy of the foregoing NIJAT TONYAZ' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR LEAD PLAINTIFF AND IN OPPOSITION TO COMPETING MOTION FOR LEAD PLAINTIFF was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim