CAYMAN ISLANDS



Supplement No. 1 printed with Gazette No. 21 of 1984.

# 1984 No. 1151
## JUDICIAL COMMITTEE

### The Cayman Islands (Appeals to Privy Council) Order 1984

# STATUTORY INSTRUMENTS

### 1984 No. 1151

### JUDICIAL COMMITTEE

### The Cayman Islands (Appeals to Privy Council) Order 1984

| | |
|---|---|
| Made .................. | 31st July 1984 |
| Coming into Operation | 1st September 1984 |

At the Court at Buckingham Palace, the 31st day of July 1984

Present,
The Queen's Most Excellent Majesty in Council

Her majesty, by virtue and in the exercise of the powers in that behalf by section 1 of the Judicial Committee Act 1844 (a) or otherwise in Her Majesty vested, is pleased, by and with the advice of Her Privy Council, to order, and it is hereby ordered, as follows:—

*Citation and commencement.*

1. This Order may be cited as the Cayman Islands (Appeals to Privy Council) Order 1984 and shall come into operation on 1st September, 1984.

*Interpretation.*

2. In this Order, unless the context otherwise requires —
"appeal" means appeal from a decision of the Court to Her Majesty in Council;

"Court" means the Cayman Islands Court of Appeal established by the Cayman Islands (Constitution) (Amendment) Order 1984 (b);

"decision" means a decision in any proceedings originating in the Cayman Islands;

"Judicial Committee" means the Judicial Committee of the Privy Council;

"record" means the aggregate of papers relating to an appeal (including pleadings, proceedings, evidence and decisions) proper to be laid before Her Majesty in Council on the hearing of an appeal;

"Registrar" means the Registrar of the Court or other proper officer having custody of the records of the Court.

---

(a) 1844 c. 69. (b) S.I. 1984/126.

Appeals to Her Majesty in Council.

3. (1) Subject to the provisions of this Order, an appeal shall lie as of right from decisions of the Court to Her Majesty in Council in the following cases -

(a) final decisions in any civil proceedings, where the matter in dispute on the appeal to Her Majesty in Council is of the value of £300 sterling or upwards or where the appeal involves directly or indirectly a claim to or question respecting property or a right of the value of £300 sterling or upwards;

(b) final decisions in proceedings for dissolution or nullity of marriage; and

(c) such other cases as may be prescribed by any law for the time being in force in the Cayman Islands;

(2) Subject to the provisions of this Order, an appeal shall lie from decisions of the Court to Her Majesty in Council with the leave of hte Court in the following cases —

(a) decisions in any civil proceedings, where in the opinion of the Court the question involved in the appeal is one that, by reason of its great general or public importance or otherwise, ought to be submitted to Her Majesty in Council; and

(b) such other uses as may be prescribed by any law for the time being in force in the Cayman Islands.

Applications for leave to appeal.

4. Applications to the Court for leave to appeal shall be made by motion or petition within twenty-one days of the date of the decision to be appealed from, and the applicant shall give all other parties concerned notice of his intended application.

Conditional leave to appeal.

5. Leave to appeal to Her Majesty in Council in pursuance of the provisions of this Order shall, in the first instance, be granted by the Court only —

(a) upon condition of the appellant, within a period to be fixed by the Court but not exceeding ninety days from the date of the hearing of the application for leave to appeal, entering into good and sufficient security to the satisfaction of the Court in a sum not exceeding £500 sterling for the due prosecution of the appeal and the payment of all such costs as may become payable by the applicant in the event of his not obtaining an order granting him final leave to appeal, or of the appeal being dismissed for non-prosecution, or of the Judicial Committee ordering the appellant to pay the costs of the appeal (as the case may be); and

(b) upon such other conditions (if any) as to the time or times within which the appellant shall take the necessary steps for the purposes of procuring the preparation of the record and the despatch thereof to England as the Court, having regard to all the

circumstances of the case, may think it reasonable to impose.

*Powers of a single judge.*

6. A single judge of the Court shall have power and jurisdiction —

(a) to hear and determine any application to the Court for leave to appeal in any case where under any provision of law an appeal lies as or right from a decision of the Court;

(b) generally in respect of any appeal pending before Her Majesty in Council, to make such order and to give such other directions as he shall consider the interests of justice or circumstances of the case require:

Provided that any order, directions or decision made or given in pursuance of this section may be varied, discharged or reversed by the Court when consisting of three judges which may include the judge who made or gave the order, directions or decision.

*Stay of execution.*

7. Where the decision appealed from requires the appellant to pay money or do any act, the Court shall have power, when granting leave to appeal, either to direct that the said decision shall be carried into execution or that the execution thereof shall be suspended pending the appeal, as to the Court shall seem just, and in case the Court shall direct the said decision to be carried into execution, the person in whose favour it was given shall, before the execution thereof, enter into good and sufficient security, to the satisfaction of the Court, for the due performance of such Order as Her Majesty in Council shall think fit to make thereon.

*Manner of providing security.*

8. For the purposes of sections 5 and 7, a person may provide security in any manner that the Court may approve in his case, and for the avoidance of doubt it is declared that such security may with the approval of the Court consist in whole or in part of a deposit of money.

*Preparation of record.*

9. - (1) The preparation of the record shall be subject to the supervision of the Court, and the parties may submit any disputed question arising in connection therewith to the decision of the Court, and the Court shall give such directions thereon as the justice of the case may require.

(2) The Registrar, as well as the parties, shall endeavour to exclude from the record all documents which are merely formal and are not relevant to the subject-matter of the appeal and, generally, to reduce the bulk of the record as far as practicable, taking special care to avoid the repetition of documents and headings and other merely formal parts of documents.

(3) Documents excluded from the record shall be enumerated in a list to be transmitted with the record.

(4) Where in the course of the preparation of a record one party objects to the inclusion of a document on the ground that it is unnecessary or irrelevant and the other party nevertheless insists upon its being included, the record, as finally reproduced (whether in the Cayman Islands or in England) shall, with a view to the subsequent adjustment of the costs of and incidental to such document, indicate in the index or elsewhere the fact that, and the party by whom, the inclusion of the documents was objected to.

(5) The reasons given by judges of the Court for or against any decision pronounced in the course of the proceedings out of which the appeal arises shall be communicated by them in writing to the Registrar, and shall be included in the record.

Reproduction of the record.

10. —(1) The record may be reproduced either in the Cayman Islands or in England.

(2) The reproduction shall comply with the provisions contained in the Schedule hereto.

(3) Where the record is reproduced in the Cayman Islands the Registrar shall, at the expense of the appellant, transmit to the Registrar of the Privy Council 30 copies, one of which he shall certify to be correct by signing his name on, or initialling, every eighth page thereof and by affixing thereto the seal of the Court.

(4) Where the record is to be reproduced in England the Registrar shall, at the expense of the appellant, transmit to the Registrar of the Privy Council, one certified copy, together with an index of all the papers and exhibits in the case.

(5) No other certified copies of the record shall be transmitted to the agents in England by or on behalf of the parties to the appeal.

Consolidation of appeals.

11. Where there are two or more applications for leave to appeal arising out of the same matter, and the Court is of opinion that it would be for the convenience of the Lords of the Judicial Commttee and all parties concerned that the appeals should be consolidated, the Court may direct the appeals to be consolidated and grant leave to appeal by a single order.

Failure to prosecute appeal.

12. Where an appellant, having obtianed an order granting him conditional leave to appeal, and having complied with the conditions imposed on him by such order, fails thereafter to apply with due diligence to the Court for an order granting him final leave to appeal, the Court may, on an application in that behalf made by the respondent, rescind the order granting conditional leave to appeal notwithstanding the appellant's compliance with the conditions imposed by such an order, and may give such directions as to the costs of the appeal and security entered into by the appellant as the Court shall

think fit, or make such further or other order in the premises as, in the opinion of the Court, the justice of the case requires.

Notice to other parties.

13.—(1) On an application for final leave to appeal, the Court may enquire whether notice or sufficient notice of the application has been given by the appellant to parties concerned and, if not satisfied as to the notices given, may defer the granting of the final leave to appeal, or may give such other directions in the matter as, in the opinion of the Court, the justice of the case requires.

(2) The Registrar shall, with all convenient speed, transmit to the Registrar of the Privy Council a certificate to the effect that the respondent has received notice, or is otherwise aware, of the order of the Court granting final leave to appeal and of the transmisison of the record to England.

Prosecution of appeal.

14. An appellant who has obtained final leave to appeal shall prosecute his appeal in accordance with the Rules for the time being regulating the general practice and procedure in appeals to Her Majesty in Council.

Withdrawal of appeal.

15.—(1) An appellant who has obtained an order granting him conditional leave to appeal may at any time prior to the making of an order granting him final leave to appeal withdraw his appeal on such terms as to costs and otherwise as the Court may direct.

(2) Where an appellant, having obtained final leave to appeal, desires, prior to the despatch of the record to England, to withdraw his appeal, the Court may, upon an application in that behalf made by the appellant, grant him a certificate to the effect that the appeal has been withdrawn, and the appeal shall thereupon be deemed, as from the date of such certificate, to stand dismissed without express Order of Her Majesty in Council, and the costs of the appeal and the security entered into by the appellant shall be dealt with in such manner as the Court may think fit to direct.

Dismissal for non-prosecution.

16. Where an appellant, having obtained final leave to appeal, fails to show due diligence in taking all necesasry steps for the purpose of procuring the despatch of the record to England, any respondent may, after giving the appellant due notice of his intended application, apply to the Court for a certificate that the appeal has not been effectually prosecuted by the appellant, and if the Court sees fit to grant such a certificate the appeal shall be deemed, as from the date of such certificate, to stand dismissed for non-prosecution without express Order of Her Majesty in Council, and the costs of the appeal and the security entered into by the appellant shall be dealt with in such manner as the Court may think fit to direct.

Substituting parties.

17.—(1) Where at any time between the order granting final

think fit, or make such further or other order in the premises as, in the opinion of the Court, the justice of the case requires.

Notice to other parties.

13.—(1) On an application for final leave to appeal, the Court may enquire whether notice or sufficient notice of the application has been given by the appellant to parties concerned and, if not satisfied as to the notices given, may defer the granting of the final leave to appeal, or may give such other directions in the matter as, in the opinion of the Court, the justice of the case requires.

(2) The Registrar shall, with all convenient speed, transmit to the Registrar of the Privy Council a certificate to the effect that the respondent has received notice, or is otherwise aware, of the order of the Court granting final leave to appeal and of the transmisison of the record to England.

Prosecution of appeal.

14. An appellant who has obtained final leave to appeal shall prosecute his appeal in accordance with the Rules for the time being regulating the general practice and procedure in appeals to Her Majesty in Council.

Withdrawal of appeal.

15.—(1) An appellant who has obtained an order granting him conditional leave to appeal may at any time prior to the making of an order granting him final leave to appeal withdraw his appeal on such terms as to costs and otherwise as the Court may direct.

(2) Where an appellant, having obtained final leave to appeal, desires, prior to the despatch of the record to England, to withdraw his appeal, the Court may, upon an application in that behalf made by the appellant, grant him a certificate to the effect that the appeal has been withdrawn, and the appeal shall thereupon be deemed, as from the date of such certificate, to stand dismissed without express Order of Her Majesty in Council, and the costs of the appeal and the security entered into by the appellant shall be dealt with in such manner as the Court may think fit to direct.

Dismissal for non-prosecution.

16. Where an appellant, having obtained final leave to appeal, fails to show due diligence in taking all necessasry steps for the purpose of procuring the despatch of the record to England, any respondent may, after giving the appellant due notice of his intended application, apply to the Court for a certificate that the appeal has not been effectually prosecuted by the appellant, and if the Court sees fit to grant such a certificate the appeal shall be deemed, as from the date of such certificate, to stand dismissed for non-prosecution without express Order of Her Majesty in Council, and the costs of the appeal and the security entered into by the appellant shall be dealt with in such manner as the Court may think fit to direct.

Substituting parties.

17.—(1) Where at any time between the order granting final

leave to appeal and the despatch of the record to England, the record becomes defective by reason of the death or change of status of a party to the appeal, the Court may, notwithstanding the order granting final leave to appeal, on an application in that behalf made by any person interested, grant a certificate showing who, in the opinion of the Court, is the proper person to be substituted or entered on the record in place of or in addition to the party who has died or undergone a change of status, and the name of such person shall thereupon be deemed to be so substituted or entered on the record as aforesaid without express Order of Her Majesty in Council.

(2) Where the record subsequently to its despatch to England becomes defective by reason of the death or change of status of a party to the appeal, the Court shall, upon an application in that behalf made by any person interested, cause a certificate to be transmitted to the Registrar of the Privy Council showing who, in the opinion of the Court, is the proper person to be substituted, or entered on the record, in place of, or in addition to, the party who has died or undergone a change of status.

Reproduction of case.

18. The case of each party to the appeal which may be reproduced in the Cayman Islands or in England, shall comply with the provisions contained in the Schedule to this Order and shall be signed by at least one of the counsel who attends at the hearing of the appeal, or by the party himself if he conducts his appeal in person.

Form of case.

19.—(1) The form of the case shall comply with the following requirements of this rule —

(a) it shall consist of paragraphs numbered consecutively;
(b) it shall state, as concisely as possible, the cistumstances out of which the appeal arises, the contentions to be urged by the party lodging it, and the reasons of appeal;
(c) references by page and line to the relevant portions of the record as reproduced shall, as far as practicable, be reproduced in the margin;
(d) care shall be taken to avoid, as far as possible, the recital of long extracts from the record.

(2) The taxing officer, in taxing the costs of the appeal, may, either of his own motion or at the instance of the opposite party, inquire into any unnecessary prolixity in the case and disallow the costs occasioned thereby.

Costs in the Cayman Islands.

20. Where the Judicial Committee directs a party to bear the costs of an appeal incurred in the Cayman Islands, such costs shall be taxed by the proper officer of the Court in accordance with the rules for the time being regulating taxation in the Court.

| | |
|---|---|
| Enforcing Order. | 21. Any Order which Her Majesty in Council may think fit to make on an appeal from a decision of the Court may be enforced in like manner as any decision of the Court should or might have been executed. |
| Special leave to appeal. | 22. Nothing in this Order contained shall be deemed to interfere with the right of Her Majesty upon the humble petition of any person aggrieved by any judgment of the Court to admit his appeal therefrom upon such conditions as Her Majesty in Council shall think fit to impose. |
| Revocation of Order of 1965. | 23. The Cayman Islands (Appeal to Privy Council) Order 1965(a) is hereby revoked. |

N.E. LEIGH,<br>Clerk of the Privy Council.

## THE SCHEDULE
### RULES AS TO REPRODUCTION OF DOCUMENTS

*Section 10(2) and 18.*

1.—(1) All records, cases and other proceedings in appeals or other matters pending before Her Majesty in Council or the Judicial Committee which are required by the above Rules to be reproduced "shall be reproduced" on A4IS paper.

(2) Each page shall be numbered.

(3) The number of lines on each page of type shall be 47 or thereabouts, and every tenth line shall be numbered in the margin.

2. The record shall, where practicable, be arranged in two parts in the same volume, viz:—

Part I. The pleading and proceedings, the transcript of the evidence of the witnesses, the judgments, orders etc., of the courts below down to the order admitting the appeal.

Part II. The exhibits and documents.

3.—(1) The index to both parts of the record shall be placed at the beginning of Part I.

(2) Where a record is in more than one volume, each volume shall contain an index of its contents.

(3) The index to Part I shall be in chronological order; the index to Part II shall follow the order of the exhibit mark.

---

(a) S.I. 1965/1862.

(4) A list of any documents transmitted to the Privy Council but not reproduced shall be inserted in the record after the index to Part II.

4.—(1) The documents in Part I of the record shall be arranged in chronological order.

(2) (a) Part II shall be arranged in the most convenient way for the use of the Judicial Committee, as the circumstances of the case require.

(b) The documents shall be as far as suitable in chronological order, mixing plaintiff's and defendant's documents together when necessary.

(c) Each document shall show its exhibit mark and whether it is a plaintiff's or defendant's document (unless this is clear from the exhibit mark).

(d) Documents relating to the same matter, such as -

(i) a series of correspondence or,
(ii) proceedings in a suit other than the one under appeal, shall be kept together.

(e) The page number of each document shall be inserted in the index.

5.—(1) The documents in Part I shall be numbered consecutively.

(2) The documents in Part II shall not be numbered, apart from the exhibit mark.

6. Each document shall have a heading which shall consist of the number or exhibit mark and the description of the document in the index, without the date.

7. Each document shall have a marginal note which shall be repeated on each page over which the document extends, viz: —

## PART I

(a) Where the case has been before more than one Court, the short name of the Court shall first appear. Where the case has been before only one Court, the name of the Court need not appear.

(b) The marginal note of the document shall then appear consisting of the number and the description of the document in the index, with the date, except in the case of oral evidence.

(c) In the case of oral evidence, "plaintiff's evidence" or "defendant's evidence" shall appear beneath the name of the Court, and then the marginal note consisting of the number in the index and the witness's name, with "examination", "cross-examination" or "re-examination", as the case may be.

## PART II

The word "Exhibits" shall first appear.

The marginal note of the exhibit shall then appear consisting of the exhibit mark and the description of the document in the index, with the date.

8.—(1) The parties shall agree to the omisison of formal and irrelevant documents, but the description of the document may appear (both in the index and in the record), if desired, with the words "not reproduced" against it.

(2) A long series of documents, such as accounts, rent rolls, inventories, etc., shall not be reproduced in full unless Counsel so advise, but the parties shall agree to short extracts being reproduced as specimens.

---

### EXPLANATORY NOTE
(This Note is not part of the Order.)

This Order makes provision in relation to appeals to Her Majesty in Council from the Cayman Islands Court of Appeal established by the Cayman Islands (Constitution) (Amendment) Order 1984.