UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------- X
```
                                       :
                                       :     INDEX NO. 07 CV 9416 (RJS)
                                       :     ECF CASE
                                       :
*In re*                                :     **ANSWER OF DEFENDANTS MAXIM**
FUWEI SECURITIES LITIGATION            :     **GROUP LLC, CHARDAN CAPITAL**
                                       :     **MARKETS, LLC, AND WR**
                                       :     **HAMBRECHT + CO.**
                                       :
```
------------------------------------- X
```

Defendants Maxim Group LLC ("Maxim"), Chardan Capital Markets, LLC ("Chardan"),

and WR Hambrecht + Co. ("Hambrecht," and collectively with Maxim and Chardan, the

"Underwriters"), by their attorneys DLA Piper LLP (US), hereby respond to Plaintiffs'

Consolidated Amended Class Action Complaint, dated March 14, 2008 (the "Complaint") as

follows:

## NATURE OF ACTION

1.      Paragraph 1 of the Complaint contains a summary of the Complaint to which no

response is required.

2.      The Underwriters deny knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 2 of the Complaint.

3.      The Registration Statement speaks for itself and the Underwriters deny any

characterization of that document that is inconsistent with its express terms and respectfully refer

the Court to the Registration Statement for its contents.

4.      The Underwriters deny knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 4 of the Complaint.

5.      The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

6.      The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

7.      The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.  The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 9 of the Complaint.

10.      The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.      The Underwriters deny the allegations in the first sentence of Paragraph 11 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

12.      The Underwriters deny the allegations contained in Paragraph 12 of the Complaint.

## JURISDICTION AND VENUE

13.     The allegations in Paragraph 13 of the Complaint consist of conclusions of law to which no response is required.

14.     The allegations in Paragraph 14 of the Complaint consist of conclusions of law to which no response is required.

15.     The allegations in Paragraph 15 of the Complaint consist of conclusions of law to which no response is required.

16.     The Underwriters admit that they each have offices in New York, New York.

17.     The Underwriters deny the allegations contained in Paragraph 17 of the Complaint.

## THE PARTIES

18.     The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint except admit that FFH is a Cayman Islands Corporation and its principal place of business is the People's Republic of China.

20.     The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint.

22.     The Underwriters admit that FFH's common stock trades on the NASDAQ Global Market under the ticker "FFHL."

23. The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint. The allegation contained in Paragraph 23 of the Complaint that He was a "control person" is a conclusion of law to which no response is required.

24. The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint. The allegation contained in Paragraph 24 of the Complaint that Stulga was a "control person" is a conclusion of law to which no response is required. The remaining allegations contained in Paragraph 24 of the Complaint seek to characterize the Registration Statement, which speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

25. The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint. The allegations contained in Paragraph 25 of the Complaint that Yin was a "control person" is a conclusion of law to which no response is required.

26. The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint. The allegation contained in Paragraph 26 of the Complaint that Zhou was a "control person" is a conclusion of law to which no response is required.

27. The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint. The allegation contained in Paragraph 27 of the Complaint that the allegation Wang "was a controlling person" is a conclusion of law to which no response is required.

28.     The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29.     No response is required to the allegations in Paragraph 29 of the Complaint, which solely define terms in the Complaint.

30.     The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

31.     Maxim admits that it has offices in New York and that it was an underwriter for the Company's shares in the IPO.  The other underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.     Hambrecht admits that it has offices in New York and that it was an underwriter for the Company's shares in the IPO.  The other underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33.     Chardan admits that it has offices in New York and that it was an underwriter for the Company's shares in the IPO.  The other underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     No response is required to the allegations in Paragraph 34 of the Complaint, which solely define terms in the Complaint.

35.     The Underwriters admit that they earned fees and were reimbursed for certain expenses in connection with their work in connection with the initial public offering of FFH common stock.

36.     The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

37.     The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

38.     The Registration Statement and Prospectus speaks for themselves and the Underwriters deny any characterization of those documents that is inconsistent with their express terms and respectfully refer the Court to the Registration Statement and Prospectus for their contents. The Company's December 22, 2006 announcement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the announcement for its contents.

39.     The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

40.     The Underwriters deny the allegations in Paragraph 40 of the Complaint.

41.     The allegations in Paragraph 41 of the Complaint consists of legal conclusions of Chinese law to which no response is required.  To the extent a response is required, the Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42.     The allegations in Paragraph 42 of the Complaint consist of conclusions of Chinese law to which no response is required.  To the extent a response is required, the Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint.

43.     The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44.     The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.     The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.  To the extent a response is required, the Underwriters deny the allegations contained in Paragraph 45 of the Complaint.

46.     The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47.     The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.  To the extent a response is required, the Underwriters deny the allegations contained in Paragraph 47 of the Complaint.

48.     The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.  To the extent a response is required, the Underwriters deny the allegations contained in Paragraph 48 of the Complaint.

49.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52.    No response is required to the allegations in Paragraph 52 of the Complaint.

53.    The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.  To the extent a response is required, the Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54.    The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

55.    The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

56.    The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

57.    The allegations in Paragraph 57 of the Complaint consist of conclusions of law to which no response is required.  To the extent a response is required, the Underwriters deny

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59.    The allegations in Paragraph 59 of the Complaint consist of conclusions of both Chinese and U.S. law to which no response is required. To the extent a response is required, the Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61.    The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

62.    The allegations in Paragraph 62 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, the Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint. Moreover, the Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

63.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

65.    The allegations in Paragraph 65 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, the Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint. Further, the Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

66.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint. Further, the allegations in Paragraph 66 of the Complaint consist of conclusions of law to which no response is required.

67.    The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents. To the extent a response is required, the Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68.    The Court's July 10, 2009 Memorandum and Order (the "Order") dismissed Plaintiffs' claim that the arbitration proceeding should have been disclosed in the Registration Statement, and, therefore, no response is required to the allegations in Paragraph 68 of the Complaint.

69.    The Order dismissed Plaintiffs' claim that the arbitration proceeding should have been disclosed in the Registration Statement, and, therefore, no response is required to the allegations in Paragraph 69 of the Complaint.

70.    The Order dismissed Plaintiffs' claim that the arbitration proceeding should have been disclosed in the Registration Statement, and, therefore, no response is required to the allegations in Paragraph 70 of the Complaint.

71.    No response is required to the allegations in Paragraph 71 of the Complaint, which describes Chart 1 attached to the Complaint.

72.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

74.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

77.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint.

78.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint.

79.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint.

80.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81.     The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint.

82.     The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint.

83.     The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.

84.     No response is required to the allegations in Paragraph 84 of the Complaint, which describes Chart 2 attached to the Complaint.

85.     The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.

86.     The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

87.     The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint.

88.     The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89.     The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

90.     The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

91.     The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint.

92.     No response is required to the allegations in Paragraph 92 of the Complaint, which describes Chart 3 attached to the Complaint.

93.     The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint.

94.     The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint.

95.     The Prospectus speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with their express terms and respectfully refer the Court to the Prospectus for its contents.

96.     The Prospectus speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Prospectus for its contents.

97.     The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

98.     The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99.     The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102.    The allegations in Paragraph 102 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.  Further, the Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

103.    The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

104.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

105.    No response is required to the allegations in Paragraph 105 of the Complaint, which describes Chart 4 attached to the Complaint.

106.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint.

108.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108, including subsections (a) through (e), of the Complaint.

109. The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint.

110. No response is required to the allegations in Paragraph 110 of the Complaint, which describes Chart 5 attached to the Complaint.

111. The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint.

112. The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint.

113. The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint.

114. The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents. To the extent a response is required, the Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint.

115. The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents. To the extent a response is required, the Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint.

116. The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint.

117.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint.

118.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Complaint.

119.    The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

120.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint. The 20-F filed with the SEC speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the 20-F for its contents.

121.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint. The 20-F filed with the SEC speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the 20-F for its contents.

122.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Complaint. The 20-F filed with the SEC speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the 20-F for its contents.

123.    The Order dismissed Plaintiffs' claim that the arbitration proceeding should have been disclosed in the Registration Statement, and, therefore, no response is required.

124.    The Order dismissed Plaintiffs' claim that the arbitration proceeding should have been disclosed in the Registration Statement, and, therefore, no response is required.

125.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint.

126.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint.

127.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Complaint. Further, the Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

128.    The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents. To the extent a response is required, the Underwriters deny the allegations contained in Paragraph 128 of the Complaint.

129.    The allegations in Paragraph 129 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, the Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint. Further, the Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

130.    The allegations in Paragraph 130 of the Complaint consist of legal conclusions to which no response is required.

131.    The allegations in Paragraph 131 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, the Underwriters deny

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint.  Further, the Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

132.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint.

133.    The allegations in Paragraph 133 of the Complaint consist of conclusions of Chinese law to which no response is required.  To the extent a response is required, the Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint.

134.    The Underwriters deny the allegations contained in Paragraph 134 of the Complaint.

135.    The Underwriters deny the allegations contained in Paragraph 135 of the Complaint.

136.    The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

137.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint.

138.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Complaint.

139.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint.

140.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Complaint.

141.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Complaint.

142.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 of the Complaint.

143.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of the Complaint.

144.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of the Complaint.

145.    The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

146.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Complaint.

147.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 of the Complaint.

148.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of the Complaint.

149.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 of the Complaint.

150.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 of the Complaint.

151.   The Underwriters deny the allegations contained in Paragraph 151 of the Complaint.

152.   The Underwriters deny the allegations contained in Paragraph 152 of the Complaint.

153.   The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of the Complaint.

154.   The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 of the Complaint.

155.   The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 of the Complaint and respectfully refer the Court to the document referenced by Paragraph 155 for its contents.

156.   The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 of the Complaint.

157.   The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 of the Complaint.

158.   The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the Complaint.

159.   The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 of the Complaint.

160.   The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 of the Complaint.

161.　　The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 of the Complaint and respectfully refer the Court to the document referenced by Paragraph 161 for its contents.

162.　　The Underwriters deny the allegations contained in Paragraph 162 of the Complaint.

163.　　The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 of the Complaint.

164.　　The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 of the Complaint.

165.　　The Underwriters deny the allegations contained in Paragraph 165 of the Complaint.

166.　　The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 of the Complaint and respectfully refer the Court to the document that Paragraph 166 of the Complaint selectively quotes from for its contents.

167.　　The Underwriters deny the allegations contained in Paragraph 167 of the Complaint.

168.　　The Underwriters deny the allegations contained in Paragraph 168 of the Complaint.

169.　　No response is required to the allegations in Paragraph 169 of the Complaint except the Underwriters deny the appropriateness of bringing this action as a class action.

170.　　No response is required to the allegations in Paragraph 170 of the Complaint.

171.   The allegations in Paragraph 171 of the Complaint consist of conclusions of law to which no response is required. To the extent a response is required, the Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 of the Complaint.

172.    The allegations in Paragraph 172 of the Complaint consist of conclusions of law to which no response is required. To the extent a response is required, the Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 of the Complaint.

173.    The allegations in Paragraph 173 of the Complaint consist of conclusions of law to which no response is required. To the extent a response is required, the Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 of the Complaint.

174.    The allegations in Paragraph 174 of the Complaint consist of conclusions of law to which no response is required. To the extent a response is required, the Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 of the Complaint.

175.    The allegations in Paragraph 175 of the Complaint consist of conclusions of law to which no response is required. To the extent a response is required, the Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 of the Complaint.

176.    No response is required to the allegations in the first sentence of Paragraph 176 of the Complaint. The Underwriters deny the remaining allegations in Paragraph 176 of the Complaint and further deny the existence of a class and that Plaintiffs have been damaged by the

Underwriters. The Underwriters further deny knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 176 of the Complaint.

## FIRST CLAIM

### Violation of Section 11 of the Securities Act
### Against All Defendants, Except Wang and Yin

177.    The Underwriters incorporate by reference their responses to each of the allegations contained in paragraphs 1-176 set forth above as if fully set forth herein.

178.    No response is required to the allegations in Paragraph 178 of the Complaint.

179.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 of the Complaint.

180.    The Registration Statement speaks for itself and the Underwriters deny any characterization of that document that is inconsistent with its express terms and respectfully refer the Court to the Registration Statement for its contents.

181.    The allegations in Paragraph 181 of the Complaint consist of conclusions of law to which no response is required.

182.    The Underwriters deny the allegations in Paragraph 182 of the Complaint as they pertain to the Underwriters and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 as they pertain to other defendants.

183.    The Underwriters deny the allegations in Paragraph 183 of the Complaint as they pertain to the Underwriters and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 as they pertain to other defendants. Further, the allegations in the last sentence of Paragraph 183 of the Complaint consist of conclusions of law to which no response is required.

184.    The Underwriters admit that FFH is the issuer of the stock. The remaining

allegations in Paragraph 184 of the Complaint consist of conclusions of law to which no response is required.

185.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 of the Complaint.

186.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186 of the Complaint.

187.    The Underwriters deny the allegations contained in Paragraph 187 of the Complaint.

## SECOND CLAIM

### Against Defendants FFH, the Underwriters, Stulga, Zhou and He for
### Violation Of Section 12(a)(2) of the Securities Act

188.    The Underwriters incorporate by reference their responses to each of the allegations contained in paragraphs 1-187 set forth above as if fully set forth herein.

189.    No response is required to the allegations in Paragraph 189 of the Complaint.

190.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 of the Complaint.

191.    The allegations in Paragraph 191 of the Complaint consist of conclusions of law to which no response is required.

192.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the Complaint.

193.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 of the Complaint as they pertain to other defendants and admit that they attended roadshow presentations with investors.

194.    The Underwriters deny knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 194 of the Complaint.

195.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 of the Complaint.

196.    The Underwriters deny the allegations in Paragraph 196 of the Complaint as they pertain to the Underwriters and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 as they pertain to other defendants. The Underwriters further deny the existence of a class or that Plaintiffs have been damaged by the Underwriters.

197.    No response is required to the allegations in Paragraph 197 of the Complaint. To the extent a response is required, the Underwriters deny the allegations in Paragraph 197 of the Complaint and deny that Plaintiffs have been damaged by the Underwriters.

198.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 of the Complaint.

## COUNT III

### Violations Of Section 15 Of The
### Securities Act Against The Individual Defendants

199.    The Underwriters incorporate by reference their responses to each of the allegations contained in paragraphs 1-198 set forth above as if fully set forth herein.

200.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200 of the Complaint.

201.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 of the Complaint.

202.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202 of the Complaint.

203.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 of the Complaint.

204.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 of the Complaint.

205.    The Underwriters deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205 of the Complaint.

## AFFIRMATIVE DEFENSES

The Underwriters state the following defenses without assuming the burden of proof of such defenses that would otherwise rest on Plaintiffs:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs fail to plead that Plaintiffs reasonably relied upon the alleged misstatements or omissions alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

The Underwriters justifiably relied on information provided to them by others.

### SIXTH AFFIRMATIVE DEFENSE

At all relevant times, the Underwriters relied in good faith on the advice of legal counsel, accountants, auditors, employees of FFH and its affiliates, and/or outside consultants.

### SEVENTH AFFIRMATIVE DEFENSE

The Underwriters are not liable because Plaintiffs knew or had reason to know the truth of the alleged misrepresentations or omissions on which their claims are based.

### EIGHTH AFFIRMATIVE DEFENSE

At all relevant times, the Underwriters acted in good faith, exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the statutory safe harbor for forward-looking statements.

### TENTH AFFIRMATIVE DEFENSE

The Underwriters are not liable because any alleged misstatements by them were forward-looking and contained sufficient cautionary language and risk disclosure to be non-actionable under the bespeaks caution doctrine.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the truth on the market doctrine.

### TWELFTH AFFIRMATIVE DEFENSE

The Underwriters are not liable because the alleged misrepresentations and omissions alleged in the Complaint did not affect the market price of FFH's securities.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs knowingly and/or recklessly assumed the risk of purchasing the securities described in the Complaint and such was the cause of their alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs did not acquire shares that were issued under the Registration Statement and Prospectus that is alleged to have contained misstatements and omissions.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to meet the prerequisites of Rule 23 of the Federal Rules of Civil Procedure.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Underwriters hereby adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendant to the extent the Underwriters may share in or be entitled to assert such defense.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Underwriters assert and expressly reserve all rights with respect to all other affirmative defenses that may be revealed during the course of discovery.

Dated: September 9, 2009
      New York, New York

DLA PIPER LLP (US)

By: Joshua S. Sohn
    Caryn G. Schechtman
    Megan K. Vesely
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4500 (Telephone)
(212) 335-4501 (Facsimile)
joshua.sohn@dlapiper.com

Perrie M. Weiner (admitted *pro hac vice*)
1999 Avenue of the Stars
Suite 400
Los Angeles, CA 90067
(310) 595-3000 (Telephone)
(310) 595-3300 (Facsimile)

*Attorneys for the Underwriter Defendants*