Alyson M. Weiss (AW-8474)
Laura M. Vasey (LV-0847)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000 (telephone)
(212) 407-4990 (fax)

*Attorneys for Defendants Fuwei Films (Holdings) Co.,*
*Ltd., Xiaoan He, and Mark Stulga*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
                                                         :
                                                         :    No. 07-CV-9416 (RJS)
*In re*                                                  :
FUWEI FILMS SECURITIES LITIGATION
                                                         :
-------------------------------------------------------- X

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS FUWEI FILMS (HOLDINGS) CO., LTD., XIAOAN HE, AND MARK STULGA

Defendants Fuwei Films (Holdings) Company, Ltd. ("Fuwei" or the "Company"), Xiaoan He ("He"), and Mark Stulga ("Stulga") (collectively, the "Fuwei Defendants"), by their undersigned counsel, answer Plaintiffs' Consolidated Amended Class Action Complaint (the "Amended Complaint") dated March 14, 2008, in the above-captioned action as follows:

With respect to the introductory paragraph of the Amended Complaint, the Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that Plaintiffs purport to assert their claims on behalf of a class of similarly-situated persons. With respect to the headings set forth in the Amended Complaint, the Fuwei Defendants deny the allegations contained therein except to the extent otherwise admitted in their responses to the numbered paragraphs of the Amended Complaint.

1.      The Fuwei Defendants deny the allegations contained in paragraph 1 of the Amended Complaint, except admit that Plaintiffs purport to have alleged violations of the Securities Act of 1933 and purport to bring this action as a class action.

2.      The Fuwei Defendants admit that the Company is in the business of manufacturing and selling plastic film for consumer packaging and industrial uses and that at the time of Fuwei's initial public offering (the "IPO"), the Company – through its indirectly owned operating subsidiary, Fuwei Films (Shandong) Co., Ltd. ("Shandong Fuwei") – owned two production lines, which manufactured all of the Company's plastic film.  The Fuwei Defendants deny the remaining allegations contained in paragraph 2 of the Amended Complaint.

3.      The Fuwei Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.  To the extent that the allegations contained in paragraph 3 of the Amended Complaint are inconsistent with the Registration Statement, the Fuwei Defendants deny such allegations.

4.      The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint, except admit that the Bruckner and DMT production lines were at one time owned by Shandong Neo-Luck Plastics ("Neo-Luck Plastics"), 59% of which was owned by Weifang Neo-Luck (Group) Co., Ltd. ("Neo-Luck Group").

5.      The Fuwei Defendants deny the allegations contained in paragraph 5 of the Amended Complaint, except admit that the Registration Statement contains an opinion of PRC counsel and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

6.      The Fuwei Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.  To the extent that the allegations contained in paragraph 6 of the Amended Complaint are inconsistent with the Registration Statement, the Fuwei Defendants deny such allegations.

7.      The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8.      The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint.

9.      The Fuwei Defendants deny the allegations contained in paragraph 9 of the Amended Complaint and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

10.      The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint.

11.      The Fuwei Defendants deny that the Registration Statement was false and misleading and state that the Court's July 10, 2009 Memorandum and Order dismissed Plaintiffs' claims regarding the alleged nondisclosure in the Registration Statement of the DMT arbitration proceeding on the ground that this was immaterial as a matter of law.  Accordingly, no response is required to the allegations set forth in paragraph 11 of the Amended Complaint.

12.      The Fuwei Defendants deny the allegations contained in paragraph 12 of the Amended Complaint.

13.      The Fuwei Defendants state that the allegations contained in paragraph 13 of the Amended Complaint assert legal conclusions as to which no response is required.

14.     The Fuwei Defendants state that the allegations contained in paragraph 14 of the Amended Complaint state legal conclusions as to which no response is required.

15.     The Fuwei Defendants admit that Fuwei's stock trades on the NASDAQ Global Market in New York, New York and state that the remaining allegations contained in paragraph 15 of the Amended Complaint state legal conclusions as to which no response is required.

16.     The Fuwei Defendants admit, on information and belief, that each Underwriter has an office in New York, New York.

17.     The Fuwei Defendants admit that the Fuwei Defendants used the United States mails and interstate telephone communications in connection with Fuwei's listing of its stock on the NASDAQ Global Market.  The Fuwei Defendants deny the remaining allegations contained in paragraph 17 of the Amended Complaint.

18.     The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint, except admit that Plaintiffs have filed the PSLRA certification forms of Daniil Reouk, Jerome Sahlman, and Nijat Tonyaz in this action and deny that any alleged misstatement or omission in the Registration Statement or Prospectus caused Plaintiffs' alleged "economic damages."

19.     The Fuwei Defendants admit the allegations contained in paragraph 19 of the Amended Complaint.

20.     The Fuwei Defendants admit the allegations contained in paragraph 20 of the Amended Complaint.

21.     The Fuwei Defendants admit the allegations contained in paragraph 21 of the Amended Complaint.

22.     The Fuwei Defendants admit the allegations contained in paragraph 22 of the Amended Complaint.

23.     The Fuwei Defendants admit that He has been the Chairman and Chief Executive Officer of the Company from 2005 through the present.  The Fuwei Defendants state that the remaining allegations contained in paragraph 23 of the Amended Complaint constitute a legal conclusion as to which no response is required.  To the extent a response is required, the Fuwei Defendants deny the remaining allegations contained in paragraph 23 of the Amended Complaint.

24.     The Fuwei Defendants admit that Stulga was a director of the Company during the period from June 2006 through October 18, 2007, and that the Registration Statement identified him as the duly authorized U.S. representative of the Company.  The Fuwei Defendants state that the remaining allegations contained in paragraph 24 of the Amended Complaint constitute a legal conclusion as to which no response is required.  To the extent a response is required, the Fuwei Defendants deny the remaining allegations contained in paragraph 24 of the Amended Complaint.

25.     The Fuwei Defendants admit that Defendant Jun Yin ("Yin") indirectly owned 79% of the Company's stock at the time of its IPO.  The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in footnote 1 to paragraph 25 of the Amended Complaint.  The Fuwei Defendants state that the remaining allegations set forth therein constitute legal conclusions as to which no response is required.  To the extent a response is required, the Fuwei Defendants deny the allegations contained in the second sentence of paragraph 25 of the Amended Complaint and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

26.     The Fuwei Defendants admit the allegations contained in footnote 2 and the first two sentences of paragraph 26 of the Amended Complaint.  The Fuwei Defendants state that the remaining allegations set forth in paragraph 26 of the Amended Complaint constitute legal conclusions as to which no response is required.  To the extent a response is required, the Fuwei Defendants deny the allegations set forth in the third sentence of paragraph 26 of the Amended Complaint and deny knowledge or information sufficient to form a belief as to the remaining allegations contained therein.

27.     The Fuwei Defendants admit that Wang and Zhou together indirectly owned 21% of the Company's stock prior to its IPO, and state that the remaining allegations contained in paragraph 27 of the Amended Complaint constitute legal conclusions as to which no response is required.  To the extent a response is required, the Fuwei Defendants deny the allegations contained in the second sentence of paragraph 27 of the Amended Complaint and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

28.     The Fuwei Defendants admit that prior to Shandong Fuwei's purchase of the DMT production line, Shandong Baorui (through its equity interest in Beijing Baorui) indirectly owned the DMT production line.  The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 28 of the Amended Complaint.

29.     The Fuwei Defendants state that the allegations in paragraph 29 of the Amended Complaint only define terms used in the Amended Complaint and thus contain no averments as to which a response is required.

30.     The Fuwei Defendants admit the allegations contained in paragraph 30 of the Amended Complaint.

31.     The Fuwei Defendants admit the allegations contained in paragraph 31 of the Amended Complaint.

32.     The Fuwei Defendants admit the allegations contained in paragraph 32 of the Amended Complaint.

33.     The Fuwei Defendants admit the allegations contained in paragraph 33 of the Amended Complaint.

34.     The Fuwei Defendants state that the allegations in paragraph 34 of the Amended Complaint only define terms used in the Amended Complaint and thus contain no averments as to which a response is required.

35.     The Fuwei Defendants admit that the Underwriters earned commissions and non-accountable expenses in connection with the sale of the Company's stock in the IPO and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

36.     The Fuwei Defendants admit the allegations contained in paragraph 36 of the Amended Complaint and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents and the contents of the Prospectus contained therein.[1]

37.     The Fuwei Defendants admit the allegations contained in paragraph 37 of the Amended Complaint.

---

[1]     The Fuwei Defendants deny the allegations set forth in the heading preceding paragraph 36.

38.    The Fuwei Defendants admit the allegations contained in paragraph 38 of the Amended Complaint and respectfully refer the Court to the Registration Statement and Prospectus for a complete and accurate statement of their contents.

39.    The Fuwei Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.   The Fuwei Defendants deny the allegations contained in paragraph 39 of the Amended Complaint to the extent they are inconsistent with the Registration Statement.

40.    The Fuwei Defendants deny the allegations contained in paragraph 40 of the Amended Complaint.[2]

41.    The Fuwei Defendants state that the allegations contained in paragraph 41 of the Amended Complaint assert legal conclusion regarding Chinese law as to which no response is required.   To the extent a response is required, the Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Amended Complaint.

42.    The Fuwei Defendants state that the allegations contained in paragraph 41 of the Amended Complaint assert legal conclusion regarding Chinese law as to which no response is required.   To the extent a response is required, the Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Amended Complaint.

43.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint.

---

[2]    The Fuwei Defendants deny the allegations set forth in the heading preceding paragraph 40.

44.    The Fuwei Defendants deny the allegations contained in the first sentence of paragraph 44 of the Amended Complaint.  The Fuwei Defendants admit that Fuwei issued a press release on October 16, 2007 and respectfully refer the Court to the press release for a complete and accurate statement of its contents.

45.    The Fuwei Defendants deny the allegations contained in paragraph 45 of the Amended Complaint, except admit that the Registration Statement contains the opinion of the Company's PRC counsel and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

46.    The Fuwei Defendants deny the allegations contained in paragraph 46 of the Amended Complaint.

47.    The Fuwei Defendants deny the allegations contained in paragraph 47 of the Amended Complaint.[3]

48.    The Fuwei Defendants deny the allegations contained in paragraph 48 of the Amended Complaint.

49.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Complaint.

50.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Amended Complaint.

51.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Complaint, except admit that Shandong Fuwei acquired the DMT and Bruckner productions lines and that Shandong Fuwei was at one time indirectly owned by Yin, Wang, and Zhou.

---

[3]    The Fuwei Defendants deny the allegations set forth in the heading preceding paragraph 47.

52.     The Fuwei Defendants state that paragraph 52 of the Amended Complaint contains no averments as to which a response is required.

53.     The Fuwei Defendants deny the allegations contained in paragraph 53 of the Amended Complaint and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

54.     The Fuwei Defendants deny the allegations contained in paragraph 54 of the Amended Complaint, except respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

55.     The Fuwei Defendants deny the allegations contained in paragraph 55 of the Amended Complaint, except respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

56.     The Fuwei Defendants deny the allegations contained in paragraph 56 of the Amended Complaint, except respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

57.     The Fuwei Defendants state that the allegations contained in paragraph 57 of the Amended Complaint assert a legal conclusion as to which no response is required.  To the extent a response is required, the Fuwei Defendants deny the allegations contained in paragraph 57 of the Amended Complaint.

58.     The Fuwei Defendants deny the allegations contained in paragraph 58 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Yin, Wang, and Zhou's conduct and motives.

59.     The Fuwei Defendants state that the allegations contained in paragraph 59 of the Amended Complaint assert legal conclusions as to which no response is required.  To the extent

a response is required, the Fuwei Defendants deny that the Registration Statement was false or misleading and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 59 of the Amended Complaint.

60.    The Fuwei Defendants deny the allegations contained in paragraph 60 of the Amended Complaint to the extent those allegations pertain to the Fuwei Defendants.  The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Amended Complaint to the extent those allegations pertain to others.

61.    The Fuwei Defendants deny the allegations contained in paragraph 61 of the Amended Complaint, except respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.[4]

62.    The Fuwei Defendants deny the allegations contained in paragraph 62 of the Amended Complaint, except respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

63.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Amended Complaint, except Fuwei and He admit that the Chinese media published an article in or about June 2006 containing unsubstantiated allegations regarding the sale of state-owned assets by Neo-Luck Group and deny having knowledge or information sufficient to form a belief as to the truth of such allegations or whether such allegations related to the production lines acquired by Shandong Fuwei in 2003 and 2004.

---

[4]    The Fuwei Defendants deny the allegations set forth in the heading preceding paragraph 61.

64.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Amended Complaint.

65.    The Fuwei Defendants deny the allegations contained in paragraph 65 of the Amended Complaint and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.  The Fuwei Defendants further aver that they had no knowledge of the "facts" alleged in paragraph 65 of the Amended Complaint prior to or at the time of the Company's IPO.

66.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 66 of the Amended Complaint and deny the remaining allegations set forth therein.  The Fuwei Defendants further aver that, at the time of the Company's IPO, they had no knowledge that Yin and Wang's passports had been confiscated in November 2006 as alleged in paragraph 66 of the Amended Complaint.

67.    The Fuwei Defendants deny the allegations contained in paragraph 67 of the Amended Complaint and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

68.    The Fuwei Defendants deny the allegations contained in paragraph 68 of the Amended Complaint and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.[5]

69.    The Fuwei Defendants state that the Court's July 10, 2009 Memorandum and Order dismissed held that the nondisclosure of the DMT arbitration proceeding in the

---

[5]    The Fuwei Defendants deny the allegations set forth in the heading preceding paragraph 68.

Registration Statement was immaterial as a matter of law.  Accordingly, no response is required to the allegations set forth in paragraph 69 of the Amended Complaint.

70.    The Fuwei Defendants state that the Court's July 10, 2009 Memorandum and Order held that the nondisclosure of the DMT arbitration proceeding in the Registration Statement was immaterial as a matter of law.  Accordingly, no response is required to the allegations set forth in paragraph 70 of the Amended Complaint.

71.    The Fuwei Defendants state that the allegations in paragraph 71 of the Amended Complaint contain no averments as to which a response is required.[6]

72.    On information and belief, the Fuwei Defendants admit the allegations contained in paragraph 72 of the Amended Complaint.

73.    The Fuwei Defendants deny the allegations contained in paragraph 73 of the Amended Complaint, except respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

74.    The Fuwei Defendant deny the allegations contained in paragraph 74 of the Amended Complaint, except respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

75.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Amended Complaint.

76.    The Fuwei Defendants admit the allegations contained in paragraph 76 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in footnote 7 to paragraph 76 of the Amended Complaint.

---

[6]    The Fuwei Defendants deny the allegations set forth in the heading preceding paragraph 71.

77.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Amended Complaint.

78.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Amended Complaint.

79.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Amended Complaint.

80.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Amended Complaint.

81.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Amended Complaint.

82.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Amended Complaint.

83.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Amended Complaint.

84.    The Fuwei Defendants state that the allegations in paragraph 84 of the Amended Complaint contain no averments as to which a response is required.

85.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Amended Complaint.

86.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Amended Complaint, except admit that Shandong Fuwei purchased the Bruckner production line, that Shandong Fuwei was jointly owned by Jimswood and Beijing Changfu, and that Shandong Fuwei was later acquired by Shenghong Group Co., Ltd. and Shandong Baorui, as disclosed in the Registration Statement.

87.    The Fuwei Defendants admit the allegations contained in paragraph 87 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in footnote 11.

88.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Amended Complaint, except admit that the Registration Statement disclosed that Jun Yin and Duo Wang owned 17.5% and 4.6%, respectively, of Shandong Baorui.

89.    The Fuwei Defendants deny the allegations contained in paragraph 89 of the Amended Complaint and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

90.    The Fuwei Defendants admit that the Registration Statement disclosed that Jun Yin and Duo Wang owned 17.5% and 4.6%, respectively, of Shandong Baorui.  The Fuwei Defendants deny the remaining allegations contained in paragraph 90 of the Amended Complaint and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

91.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Amended Complaint.

92.    The Fuwei Defendants state that the allegations contained in paragraph 92 of the Amended Complaint contain no averments as to which an a response is required.

93.    The Fuwei Defendants respectfully refer the Court to the Registration Statement for a complete and accurate statement of their knowledge and information regarding Beijing Baorui's purchase of the DMT production line.  To the extent the allegations contained in paragraph 93 of the Amended Complaint are inconsistent with the Registration Statement's

disclosures, the Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations.

94.     The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Amended Complaint, except admit that Beijing Baorui purchased the DMT production line at public auction for approximately RMB 34 million.

95.     The Fuwei Defendants deny the allegations contained in paragraph 95 of the Amended Complaint, except respectfully refer the Court to the Registration Statement and Prospectus for a complete and accurate statement of their contents.

96.     The Fuwei Defendants respectfully refer the Court to the Prospectus for a complete and accurate statement of its contents.  To the extent the allegations contained in paragraph 96 of the Amended Complaint are inconsistent with the Prospectus, the Fuwei Defendants deny such allegations.

97.     The Fuwei Defendants deny the allegations contained in paragraph 97 of the Amended Complaint.

98.     The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Amended Complaint.

99.     The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Amended Complaint.

100.     The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Amended Complaint, except respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

101.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Amended Complaint.

102.    The Fuwei Defendants deny the allegations contained in paragraph 102 of the Amended Complaint.

103.    The Fuwei Defendants deny the allegations contained in paragraph 103 of the Amended Complaint, except respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

104.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Amended Complaint.

105.    The Fuwei Defendants state that the allegations in paragraph 105 of the Amended Complaint contain no averments as to which a response is required.

106.    The Fuwei Defendants admit the allegations contained in paragraph 106 of the Amended Complaint, except deny the characterization that the Transferees owned Fuwei BVI "through a chain of subsidiaries of subsidiaries."

107.    The Fuwei Defendants admit that on October 27, 2004, Fuwei BVI purchased Shandong Fuwei from Shandong Baorui and Shenghong Group Co., Ltd. for the aggregate purchase price of RMB 91 million and that Shandong Fuwei owned the Bruckner production line at the time of that purchase.  The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 107 of the Amended Complaint.

108.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Amended Complaint, except:

(a)    admit that Shandong Fuwei is a wholly-owned subsidiary of Fuwei (BVI) and that Shandong Fuwei owns the Bruckner production line;

(b)    admit the allegations contained in subparagraph (b);

(c)    admit the allegations contained in subparagraph (c);

(d)    admit the allegations contained in subparagraph (d); and

(e)    admit the allegations contained in subparagraph (e).

109.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Amended Complaint, except admit that at the time of the IPO, Yin indirectly owned 79% of Shandong Fuwei and Wang and Zhou together indirectly owned 21% of Shandong Fuwei.

110.    The Fuwei Defendants state that the allegations in paragraph 110 of the Amended Complaint contain no averments as to which a response is required.

111.    The Fuwei Defendants deny the allegations contained in paragraph 111 of the Amended Complaint, except admit that Beijing Baorui purchased the DMT production line for approximately RMB 34 million and then sold it to Shandong Fuwei three months later for approximately RMB 119 million.

112.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Amended Complaint, except admit that Beijing Baorui purchased the DMT production line for approximately RMB 34 million and then sold it to Shandong Fuwei three months later for approximately RMB 119 million.

113.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Amended Complaint, except

admit that at the time of the IPO, Yin indirectly owned 79% of Shandong Fuwei and Wang and Zhou together indirectly owned 21% of Shandong Fuwei.

114.    The Fuwei Defendants deny the allegations contained in paragraph 114 of the Amended Complaint.

115.    The Fuwei Defendants deny the allegations contained in paragraph 115 of the Amended Complaint.

116.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Amended Complaint.

117.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Amended Complaint, except admit that articles attached to the Rosen Declaration concern Great Wall's allegations and respectfully refer the Court to those articles for their contents.

118.    The Fuwei Defendants admit the allegations contained in paragraph 118 of the Amended Complaint, except deny that DMT S.A.'s arbitration claim related to money owed from Shandong Fuwei's purchase of the DMT production line.

119.    The Fuwei Defendants admit that the DMT arbitration was not disclosed in the Registration Statement.  The Fuwei Defendants deny the allegations contained in paragraph 119 of the Amended Complaint to the extent they allege that the DMT S.A.'s arbitration claim related to money owned from Shandong Fuwei's purchase of the DMT production line.

120.    The Fuwei Defendants admit that the DMT arbitration was first disclosed in the Company's Form 20-F annual report filed with the SEC and respectfully refer the Court to the Form 20-F for a complete and accurate statement of its contents.  The Fuwei Defendants deny the remaining allegations contained in paragraph 120 of the Amended Complaint.

121.    The Fuwei Defendants admit that the DMT arbitration was first disclosed in the Company's Form 20-F annual report filed with the SEC and respectfully refer the Court to the Form 20-F for a complete and accurate statement of its contents.  The Fuwei Defendants deny the remaining allegations contained in paragraph 121 of the Amended Complaint.

122.    The Fuwei Defendants deny the allegations contained in paragraph 122 of the Amended Complaint.

123.    The Fuwei Defendants deny the allegations contained in paragraph 123 of the Amended Complaint and state that the Court's July 10, 2009 Memorandum and Order held that the nondisclosure of the DMT arbitration proceeding in the Registration Statement was immaterial as a matter of law.

124.    The Fuwei Defendants deny the allegations contained in paragraph 124 of the Amended Complaint and state that the Court's July 10, 2009 Memorandum and Order held that the nondisclosure of the DMT arbitration proceeding in the Registration Statement was immaterial as a matter of law.

125.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the Amended Complaint.

126.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the Amended Complaint.

127.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 127 of the Amended Complaint.  The Fuwei Defendants deny the remaining allegations contained in paragraph 127 of the Amended Complaint, except respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

128.    The Fuwei Defendants deny the allegations contained in paragraph 128 of the Amended Complaint.

129.    The Fuwei Defendants deny the allegations contained in paragraph 129 of the Amended Complaint.

130.    The Fuwei Defendants state that the allegations contained in paragraph 130 of the Amended Complaint constitute legal conclusions regarding the requirements of Regulation S-K, Item 401(f), as to which no response is required.  To the extent a response is required, the Fuwei Defendants deny the allegations contained in paragraph 130 of the Amended Complaint and respectfully refer the Court to Regulation S-K, Items 401(f) and (g), 17 C.F.R. 229.401 (effective November 7, 2006 to February 3, 2008) for a complete and accurate statement of its contents.

131.    The Fuwei Defendants deny the allegations contained in paragraph 131 of the Amended Complaint.

132.    The Fuwei Defendants deny the allegations contained in paragraph 132 of the Amended Complaint.

133.    The Fuwei Defendants deny the allegations contained in paragraph 133 of the Amended Complaint.

134.    The Fuwei Defendants deny the allegations contained in paragraph 134 of the Amended Complaint.

135.    The Fuwei Defendants deny the allegations contained in paragraph 135 of the Amended Complaint.

136.    The Fuwei Defendants deny the allegations contained in paragraph 136 of the Amended Complaint.

137.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the Amended Complaint..

138.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138 of the Amended Complaint.

139.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of the Amended Complaint.

140.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 of the Amended Complaint.

141.    The Fuwei Defendants admit that on April 30, 2007, Fuwei announced that it had terminated its relationship with its principal independent auditor, KPMG Hong Kong, and respectfully refer the Court to the Company's April 30, 2007 press release for a complete and accurate statement of its contents. The Fuwei Defendants deny the allegations contained in paragraph 141 of the Amended Complaint to the extent those allegations are inconsistent with the Company's April 30,2007 press release.

142.    The Fuwei Defendants admit the allegations contained in paragraph 142 of the Amended Complaint.

143.    The Fuwei Defendants deny the allegations contained in paragraph 143 of the Amended Complaint, except admit that the Company disclosed the DMT arbitration in its Form 20-F Annual Report on or about April 2, 2007, and announced the Company's termination of its relationship with KPMG Hong Kong on or about April 24, 2007.  The Fuwei Defendants respectfully refer the Court to the Company's April 2, 2007 Form 20-F and April 30, 2007 Form 6-K for a complete and accurate statement of their contents.

144.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144 of the Amended Complaint.

145.    The Fuwei Defendants admit that the Registration Statement contains the audit opinion of KPMG Hong Kong and respectfully refer the Court to the audit opinion for a complete and accurate statement of its contents.  The Fuwei Defendants deny the allegations contained in paragraph 145 of the Amended Complaint to the extent those allegations are inconsistent with the audit opinion of KPMG Hong Kong.

146.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 of the Amended Complaint.

147.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 of the Amended Complaint.

148.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of the Amended Complaint, except admit that effective June 1, 2007, Cindy Lu replaced Lin Tang as the Company's Chief Financial Officer.

149.    The Fuwei Defendants deny the allegations contained in paragraph 149 of the Amended Complaint, except admit that Yin, Wang, and Zhou were arrested on or about September 28, 2007.

150.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150 of the Amended Complaint.

151.    The Fuwei Defendants deny the allegations contained in paragraph 151 of the Amended Complaint.

152.    The Fuwei Defendants deny the allegations contained in paragraph 152 of the Amended Complaint.

153.    The Fuwei Defendants admit that Zhou and Stulga resigned as directors of Fuwei on October 18, 2007, and deny knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 153 of the Amended Complaint.

154.    The Fuwei Defendants deny the allegations contained in paragraph 154 of the Amended Complaint, except admit that Murrell, Hall, McIntosh & Co. PLLP ("Murrell Hall") resigned as Fuwei's independent auditor on November 1, 2007.

155.    The Fuwei Defendants deny the allegations contained in paragraph 155 of the Amended Complaint, except respectfully refer the Court to the Company's November 6, 2007 press release for a complete and accurate statement of its contents.

156.    The Fuwei Defendants admit that the Company terminated KPMG Hong Kong on April 24, 2007, and that Murrell Hall resigned as the Company's independent auditor on November 1, 2007.    The Fuwei Defendants deny the remaining allegations contained in paragraph 156 of the Amended Complaint.

157.    The Fuwei Defendants deny the allegations contained in paragraph 157 of the Amended Complaint, except admit that the Company disclosed the DMT arbitration in its Form 20-F Annual Report on or about April 2, 2007, and terminated its relationship with KPMG Hong Kong on or about April 24, 2007.    The Fuwei Defendants respectfully refer the Court to the Company's April 2, 2007 Form 20-F and April 30, 2007 Form 6-K for a complete and accurate statement of their contents.

158.     The Fuwei Defendants admit the allegations contained in paragraph 158 of the Amended Complaint.[7]

159.     The Fuwei Defendants deny the allegations contained in paragraph 159 of the Amended Complaint.

160.     The Fuwei Defendants deny the allegations contained in paragraph 160 of the Amended Complaint.

161.     The Fuwei Defendants admit that on June 25, 2007, the Company issued a press release concerning the Chinese Communist Party's investigation of Yin, Wang, and Zhou and respectfully refer the Court to the June 25, 2007 press release for a complete and accurate statement of its contents.  The Fuwei Defendants deny the allegations contained in paragraph 161 of the Amended Complaint to the extent those allegations are inconsistent with the June 25, 2007 press release.

162.     The Fuwei Defendants deny the allegations contained in paragraph 162 of the Amended Complaint.

163.     The Fuwei Defendants admit that the Company issued a press release on October 16, 2007 and respectfully refer the Court to that press release for a complete and accurate statement of its contents.  The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 163 of the Amended Complaint.

164.     The Fuwei Defendants admit the allegations contained in paragraph 164 of the Amended Complaint and respectfully refer the Court to the Company's November 6, 2007 press release for a complete and accurate statement of its contents.

---

[7]     The Fuwei Defendants deny the allegations set forth in the heading preceding paragraph 158.

165.    The Fuwei Defendants deny the allegations contained in paragraph 165 of the Amended Complaint.

166.    The Fuwei Defendants admit that the Company announced its financial results for the third quarter of 2007 in a press release dated November 12, 2007, and respectfully refer the Court to that press release for a complete and accurate statement of its contents.  The Fuwei Defendants deny the allegations contained in paragraph 166 of the Amended Complaint to the extent those allegations are inconsistent with the November 12, 2007 press release.

167.    The Fuwei Defendants deny the allegations contained in paragraph 167 of the Amended Complaint.

168.    The Fuwei Defendants admit that on March 6, 2008, the Company announced the resignation of its Chief Financial Officer, Cindy Lu.  The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 168 of the Amended Complaint.

169.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 169 of the Amended Complaint, except admit that Plaintiffs purport to bring this action as a class action.

170.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 170 of the Amended Complaint.

171.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 171 of the Amended Complaint, except admit that the Company sold approximately 4,312,500 shares of its ordinary stock in its IPO.

172.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 172 of the Amended Complaint, except

admit that purchasers of Fuwei's stock may be identified from records maintained by Fuwei or its transfer agent.

173.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 173 of the Amended Complaint, except deny that the Fuwei Defendants engaged in any "wrongful conduct in violation of federal securities laws" as alleged.

174.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 174 of the Amended Complaint.

175.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 175 of the Amended Complaint.

176.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176 of the Amended Complaint.

## FIRST CLAIM

177.    The Fuwei Defendants repeat and restate their answers to Paragraphs 1 through 176 of the Amended Complaint above as if fully set forth herein and deny the remaining allegations contained in paragraph 177 of the Amended Complaint.

178.    The Fuwei Defendants deny the allegations contained in paragraph 178 of the Amended Complaint, except admit that Plaintiffs purport to assert a Section 11 claim against all Defendants, except Yin and Wang.

179.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 179 of the Amended Complaint, except admit that the Company issued its stock through the Registration Statement and Prospectus and

that Plaintiffs purport to assert their claims on behalf of a class of persons who purchased Fuwei's stock.

180.    The Fuwei Defendants admit the allegations contained in paragraph 180 of the Amended Complaint.

181.    The Fuwei Defendants state that the allegations contained in paragraph 181 of the Amended Complaint constitute legal conclusions as to which no response is required.

182.    The Fuwei Defendants deny the allegations contained in paragraph 182 of the Amended Complaint.

183.    The Fuwei Defendants deny the allegations contained in paragraph 183 of the Amended Complaint.

184.    The Fuwei Defendants deny the allegations contained in paragraph 184 of the Amended Complaint, except admit that Fuwei issued the stock sold pursuant to its Registration Statement and Prospectus.

185.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 185 of the Amended Complaint.

186.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 186 of the Amended Complaint, except deny that the Registration Statement contains untrue statements or omissions that should have been corrected through the exercise of reasonable diligence.

187.    The Fuwei Defendants deny the allegations contained in paragraph 187 of the Amended Complaint.

## SECOND CLAIM

188.     The Fuwei Defendants repeat and restate their answers to Paragraphs 1 through 187 of the Amended Complaint above as if fully set forth herein and deny the remaining allegations contained in paragraph 188 of the Amended Complaint.

189.     The Fuwei Defendants deny the allegations contained in paragraph 189 of the Amended Complaint, except admit that Plaintiffs purport to assert a Section 12(a)(2) claim against the Fuwei Defendants, the Underwriters, and Zhou on behalf of persons who purchased Fuwei's stock directly from the Underwriters in the IPO.

190.     The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 190 of the Amended Complaint, except admit that the PSLRA certification of Jerome Sahlman is attached to the Amended Complaint and respectfully refer the Court to such certification for a complete and accurate statement of its contents.

191.     The Fuwei Defendants state that the allegations contained in paragraph 191 of the Amended Complaint constitute legal conclusions as to which no response is required.

192.     The Fuwei Defendants deny the allegations contained in paragraph 192 of the Amended Complaint.

193.      The Fuwei Defendants admit that in connection with the IPO, the Underwriters and He attended the road show and that He made a presentation to investors.  The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 193 of the Amended Complaint, except deny that the Prospectus was false and misleading.

194.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 194 of the Amended Complaint.

195.    The Fuwei Defendants deny the allegations contained in paragraph 195 of the Amended Complaint.

196.    The Fuwei Defendants deny the allegations contained in paragraph 196 of the Amended Complaint.

197.    The Fuwei Defendants state that the allegations in paragraph 197 of the Amended Complaint contain no factual averments as to which a response is required.

198.    The Fuwei Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 198 of the Amended Complaint, except deny that the Registration Statement and Prospectus contains "untrue statements and omissions" as alleged.

## THIRD CLAIM

199.    He and Stulga repeat and restate their answers to Paragraph 1 through 198 of the Amended Complaint above as if fully set forth herein and deny the remaining allegations contained in paragraph 199 of the Amended Complaint.  Fuwei states that because the allegations constituting the Third Claim, set forth in paragraphs 199 through 205 of the Amended Complaint, are asserted only against the Individual Defendants, no response to these allegations is required of Fuwei.

200.    He and Stulga deny the allegations contained in paragraph 200 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of those allegations to the extent they pertain to defendants Yin, Wang, or Zhou.

201.    He and Stulga deny the allegations contained in paragraph 201 of the Amended Complaint.

202.    He and Stulga deny the allegations contained in paragraph 202 of the Amended Complaint.

203.    He and Stulga deny the allegations contained in paragraph 203 of the Amended Complaint.

204.    He and Stulga deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 204 of the Amended Complaint.

205.    He and Stulga deny the allegations contained in paragraph 205 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

The Fuwei Defendants may rely upon the following defenses if supported by facts to be determined through discovery.   In asserting these defenses, the Fuwei Defendants do not undertake any burden of proof that otherwise would be borne by Plaintiffs.

### First Affirmative Defense

Plaintiffs' claims are barred because the Registration Statement does not contain any false or misleading statement or omission of a material fact.

### Second Affirmative Defense

Plaintiffs' claims are barred because any decline in the value of Fuwei's stock price during the putative class period was not caused by any false or misleading statement or omission of a material fact from the Registration Statement.

### Third Affirmative Defense

Plaintiffs' claims are barred pursuant to 15 U.S.C. § 77(e) to the extent they seek to recover damages based upon any decline in the Company's stock price following the commencement of this action.

### Fourth Affirmative Defense

Plaintiffs' Section 11 claims as against He and Stulga are barred because He and Stulga conducted a reasonable investigation of the statements in the Registration Statement not purporting to be made on the authority of an expert and, at the time the Registration Statement became effective, had reasonable ground to believe and did believe that the statements therein were true and that there was no omission of any material fact required to be stated therein or necessary to make the statements therein not misleading.

### Fifth Affirmative Defense

Plaintiffs' Section 11 claims as against He and Stulga are barred because with respect to those portions of the Registration Statement purporting to be made upon the advice and opinion of counsel, He and Stulga had, after reasonable investigation, reasonable ground to believe and did believe that the statements therein were true and that there was no omission of any material fact required to be stated therein or necessary to make the statements therein not misleading.

### Sixth Affirmative Defense

Plaintiffs' Section 12(a)(2) claims as against He and Stulga are barred because He and Stulga did not know, and in the exercise of reasonable care could not have known, of any alleged materially misleading misstatement or omission in the Prospectus.

### Seventh Affirmative Defense

Plaintiffs' Section 15 claims as against He and Stulga are barred because He and Stulga did not control any person liable for violating Sections 11 or 12(a)(2) of the Securities Act.

### Eighth Affirmative Defense

Plaintiffs' Section 15 claims as against He and Stulga are barred because they had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist.

### Ninth Affirmative Defense

The alleged wrongdoing of defendants Jun Yin, Duo Wang, and/or Tongju Zhou cannot be imputed to the Company because any such wrongdoing was completely adverse to the Company's interests.

### Tenth Affirmative Defense

The alleged wrongdoing of defendants Yin, Wang, and Zhou cannot be imputed to the Company because Yin, Wang, and Zhou did not dominate or control the Company.

### Eleventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation, waiver, or estoppel.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the truth on the market doctrine.

### Thirteenth Affirmative Defense

The Fuwei Defendants hereby adopt and incorporate by reference all other defenses asserted or to be asserted by any other defendant to the extent applicable to the Fuwei Defendants.

### Fourteenth Affirmative Defense

The Fuwei Defendants at all relevant times relied in good faith on the advice of counsel, accountants, auditors, the underwriters, and/or other consultants.

### Fifteenth Affirmative Defense

The Fuwei Defendants assert and expressly reserve all rights with respect to other affirmative defenses that may be revealed during the course of discovery.

WHEREFORE, Defendants Fuwei Films (Holdings) Co., Ltd., Xiaoan He, and Mark Stulga respectfully request that the Court enter a judgment as against Plaintiffs dismissing the Consolidated Amended Class Action Complaint and awarding Fuwei, He, and Stulga the costs and disbursements in this action, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
      September 9, 2009

LOEB & LOEB LLP

By:   /s/
    Alyson M. Weiss (AW-8474)
    Laura M. Vasey (LV-0847)
    345 Park Avenue
    New York, New York 10154-1895
    (212) 407-4000

*Attorneys for Defendants Fuwei Films (Holdings) Co., Ltd., Xiaoan He, and Mark Stulga*